UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PIUS AWUAH, NILTON DOS SANTOS, GERALDO CORREIA, DENISE PINEDA, JAI PREM, AND AALDIVAR BRANDAO,<br><br>        Plaintiffs,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.<br><br>        Defendant. | CIVIL ACTION No.<br>07-10287-WGY |

ORDER

YOUNG, D.J.                                             July 21, 2008

Coverall Inc. has appealed this Court's determination that the Plaintiffs' unconscionability challenge to the arbitration clause Coverall seeks to enforce presents an issue of arbitrability meet for judicial resolution. See Notice of Appeal [Doc. No. 116]. Coverall now asks the Court to stay the litigation pending appeal with respect to Pius Awuah, Richard Barrientos, and Denise Pineda, the three plaintiffs who signed franchise contracts containing arbitration clauses ("Arbitration Plaintiffs"). See Def.'s Mem. Supp. Emergency Mot. to Stay [Doc. No. 118] at 1. Coverall's motion to stay, however, is premature. The Court has not ruled on Coverall's motion to compel arbitration; rather, it has concluded that it has jurisdiction to hear the Plaintiff's unconscionability challenge. See Order [Doc. No. 115] at 8.

The Court recognizes there are circuits where a stay pending

appeal of the denial of a motion to compel arbitration is virtually automatic. See, e.g., Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 506 (7th Cir. 1997). There are also authorities indicating that the decision remains within the district court's sound discretion. See, e.g., Canterbury Liquors & Pantry v. Sullivan, 999 F. Supp. 144, 149 (D. Mass. 1998) (Wolf, J.). This may be a debate that the Court entertains after it has reached a final determination regarding arbitration.

At this stage of the litigation, however, a stay pending a First Circuit decision will needlessly delay proceedings for the Arbitration Plaintiffs. Because discovery and litigation will proceed with respect to the other plaintiffs, it is difficult to see how Coverall will suffer any undue prejudice. Delaying three plaintiffs while the others continue would only complicate the Court's management of this putative class. Instead, proceeding as planned will enable the Court to rule on the Plaintiffs' unconscionability challenge. Once the Court has issued a final order concerning Coverall's motion to compel arbitration, the Court will entertain another motion to stay if Coverall so desires. The present motion to stay pending appeal, [Doc. No. 117], is denied.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE