## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

PIUS AWUAH, NILTON DOS SANTOS,                    )
GERALDO CORREIA, BENECIRA                          )
CAVALCANTE, DENISSE PINEDA,                        )
JAI PREM, ALDIVAR BRANDAO,                         )
PHILLIP BEITZ, RICHARD BARRIENTOS,                 )
MARIAN LEWIS, STANLEY STEWART,                     )
and all others similarly situated,                 )
                                                   )          Civil Action No. 07-10287
                        Plaintiffs,                )
                                                   )
                                                   )
              v.                                   )
                                                   )
COVERALL NORTH AMERICA, INC.,                      )
                                                   )
                        Defendant.                 )
                                                   )
_____  )

### PLAINTIFFS' ALTERNATIVE MOTION TO SUBMIT UNCONSIONABILITY ISSUE TO THE COURT ON WRITTEN SUBMISSIONS AND AFFIDAVITS

Given the exceedingly quick turnaround time in which Judge Young has requested a decision from the Magistrate Judge on Plaintiffs' challenge to Coverall's arbitration agreement, Plaintiffs propose an alternative suggestion that would alleviate the burden on the Court, the parties, counsel, and witnesses from having to prepare for and appear at an evidentiary hearing on three days' notice. Plaintiffs propose that the Magistrate Judge base the decision on written submissions from the parties, including affidavits, which Plaintiffs would be prepared to file next week. While Plaintiffs would be happy to present an evidentiary hearing on unconscionability, given the time strictures set by Judge Young, such a hearing does not appear feasible to occur in time for the

witnesses to be examined and the Magistrate Judge to issue a written decision by September 1, 2008.[1]

Moreover, given Coverall's argument to the First Circuit that it does not want to be burdened with the expense and time of litigation (given that it would prefer arbitration, which may not permit so much discovery or other procedural protections allowed in court litigation), this proposal addresses Coverall's concern.

In addition, the First Circuit has specifically affirmed district court findings that arbitration provisions are unenforceable based upon written submissions and affidavits only – not live testimony, discovery, or cross-examination.  Indeed, in Kristian v. Comcast, 446 F.3d 25 (1st Cir. 2006), the First Circuit specifically rejected the defendant's objection that the district court's decision was based upon a written record only and that it had not had the opportunity to have a hearing with live witnesses and cross-examination:

> First, Comcast asserts that if our decision relies primarily on the affidavits of Plaintiffs' experts submitted below, we should remand to the district court for further development of the factual record on the costs issue.  We disagree.  We are not required to close our eyes to the overwhelming weight of facts already in the record.  The prosecution of a complex antitrust lawsuit, either in court or in arbitration, requires the outlay of substantial financial resources.  The affidavits submitted to the district court by Plaintiffs detail this reality.  We see no reason to ignore the obvious.

---

[1]    In addition, as noted in their motion filed yesterday, Coverall requested just this Monday that the plaintiffs Awuah, Pineda, and Barrientos appear for deposition.  While Plaintiffs would have been happy to arrange these depositions had they been noticed earlier, there is simply not enough time at this point for them to be deposed prior to an evidentiary hearing to occur in the next days or weeks.

Kristian, 446 F.3d at 52.  Similarly, in Skirchak v. Dynamics Research

Corporation, 508 F.3d 49, 62 (1st Cir. 2007), the First Circuit affirmed the district

court's striking of a class action waiver in an arbitration agreement, despite the

defendant's protests that the decision was based on written affidavits only, and

not live testimony.[2]

Although Judge Young allowed Plaintiffs in this case to develop their

record to make a showing that Coverall's arbitration agreement should not be

enforced, he did so only at the plaintiffs' request that they be given the

opportunity to create such a record should they choose to.  See Motion Hearing

Transcript (attached here as Exhibit 1), at 18.[3]  He left it to the Magistrate Judge

to determine the details of how this record would be constructed and the decision

rendered.[4]

In light of direct First Circuit precedent allowing such a record to be based

on written submissions and in light of the speed with which Judge Young has

requested the Magistrate Judge to issue a ruling on the enforceability of

---

[2]     In Skirchak, for which the undersigned counsel represented the plaintiffs, the defendant urged the district court to allow discovery and an evidentiary hearing, but instead Judge Lasker decided the enforceability of the class action waiver in the arbitration agreement based upon affidavits alone, and the First Circuit affirmed.

[3]     Plaintiffs argued that under Kristian, it was not necessary to have a full record developed on unconscionability because the Court could determine as a legal matter that the arbitration provision prevents the plaintiffs from vindicating their rights.  Judge Young determined that such a record should be developed, but because the plaintiffs requested it.  See Motion Hearing Transcript, at 18.

[4]     At the hearing, Judge Young stated his direction that "the magistrate judge will do whatever he or she believes appropriate under the circumstances."  Motion Hearing Transcript (attached here as Exhibit 1), at 20.

Coverall's arbitration agreements, Plaintiffs suggest that the most reasonable

course would be for the record to be assembled through written submissions.[5]

Respectfully submitted,

PIUS AWUAH, NILTON DOS SANTOS,
GERALDO CORREIA, BENECIRA
CAVALCANTE, DENISSE PINEDA, JAI
PREM, ALDIVAR BRANDAO, PHILLIP BEITZ,
RICHARD BARRIENTOS, MARIAN LEWIS,
STANLEY STEWART,
and all others similarly situated,

By their attorneys,

_/ s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Harold L. Lichten, BBO #549689
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
      & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Jerald R. Cureton, admitted *pro hac vice*
Anthony L. Marchetti, admitted *pro hac vice*
CURETON CAPLAN
3000 Midlantic Drive, Suite 200
Mt. Laurel, NJ 08054
(856) 824-1001

Dated:        July 30, 2008

---

[5]        Given the time pressure as well on the Magistrate Judge to issue a written decision, Plaintiffs reiterate that it is acceptable to them if the Magistrate Judge does not issue the written decision by September 1, 2008.  At the hearing, Judge Young recognized that "the magistrate judge is going to need some time and you're all going to need some time."  Motion Hearing Transcript, at 19.  He directed that the magistrate judge "at his or her earliest convenience to hold such hearings *as may be necessary* to develop the record as to the issues of unconscionability presently raised by the plaintiffs."  Id. (emphasis added).  At the same hearing, he also stated that he was going to take under advisement the question of whether the unconscionability issue should be addressed by the court or an arbitrator and issue a decision on that question promptly (so that the parties not spend time and expense litigating the issue if it should go to arbitration).  Id. at 18-19.  He did issue that decision on July 1, 2008.

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Defendant's counsel, Michael Vhay, Esq., regarding the subject matter of this motion, and that he indicated that Coverall would insist on live witnesses.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I caused a copy of this document to be served by electronic filing on all counsel of record.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.