UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIUS AWUAH, NILTON DOS SANTOS, GERALDO CORREIA, DENISSE PINEDA, JAI PREM, ALDIVAR BRANDAO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 07-10287 |

## AFFIDAVIT OF JACQUELINE VLAMING

I, Jacqueline Vlaming, depose and state the following:

1. I am an attorney employed as General Counsel for Coverall North America, Inc. ("Coverall"). I have been Coverall's General Counsel since 2003. I am a member in good standing of the bars of Illinois and Florida. I offer this affidavit in support of Coverall's Motion for Protective Order. I make the following statements based upon my personal knowledge and my attendance at, and review of the transcript of, the deposition of Steven R. Cumbow ("Cumbow Tr.").

2. From approximately January 2005 through June 2007, Steven R. Cumbow was the Chief Financial Officer ("CFO") of Coverall.

3. As a consequence of his employment at Coverall, Mr. Cumbow was exposed to valuable, non-public confidential, proprietary, and/or trade secret information concerning Coverall's financial information and operation strategy and processes.

4. During Mr. Cumbow's deposition, I observed that he disclosed a substantial amount of Coverall's confidential, proprietary, and/or trade secret information, including:

(1) discussions regarding Coverall's profitability;[1] (2) discussions regarding Coverall's methods of measuring its profitability;[2] (3) account pricing;[3] (4) analyses of franchisee profitability;[4] (5) Coverall's methods for tracking "Business Owed";[5] and (6) discussions regarding Coverall's billing practices.[6]

5.  Discussions regarding Coverall's financial information, particularly, its profitability, are confidential and highly sensitive. Disclosure of this information would impair favorable execution of Coverall's acquisition strategy and any debt refinancing negotiations. Furthermore, this information can be used by any competitor of Coverall to its advantage and to the detriment of Coverall and its franchisees.

6.  Mr. Cumbow's testimony regarding Coverall's methods for tracking "Business Owed," and Coverall's business practices is confidential business information because it reveals Coverall's and its franchisees' profitability and highly sensitive internal financial information and analyses that are not publicly disclosed, and which are confined within Coverall to only those employees who need to know in order to carry out their responsibilities. Disclosure of confidential information regarding Coverall's franchisees' profitability would give Coverall's competitors a distinct advantage by impairing Coverall's ability, in comparison with its competitors, to attract new franchisees.

7.  Mr. Cumbow's knowledge and testimony regarding Coverall's methods for pricing commercial cleaning services for its customers and billing those customers is confidential

---

[1] See Cumbow Tr., p. 6:22-25; 52:12-13, 15-16; 53:5-7, 19-20, 22-25; 54:1; 56:15-16; 57:22-23; 61:2-3, 9-14, 23-25; 62:1-4, 14-17; 63:14-16; 64:2-5; 65:17-20; 211:1-8; 212:6-7; 216:16-17.
[2] See Cumbow Tr., pp. 52:12-13, 15-16; 61: 9-14; 23-25; 62:1-4; 66:4-6, 16-25; 67-68; 69:1, 4, 9-11, 15-25; 70:1-3, 6-18, 22-25; 71:1-3, 7-8; 74:13-14, 21-24; 76:6-15; 77:12-23; 204:5-10; 207:19-25; 208:1-11; 209:7-13; 211:1-8; 212:6-7.
[3] See Cumbow Tr., p. 38:2-9.
[4] See Cumbow Tr., p. 78:4-25; 79:1-12, 20-25; 80:1-12, 15-20, 24-25; 81:1-9, 11-15.
[5] See Cumbow Tr., p. 109:11-25; 111:2-13; 112:21-25; 113:1-24.
[6] See Cumbow Tr. p. 150:23-25; 151; 152:1.

information the disclosure of which would give Coverall's competitors a distinct advantage in the market place for commercial cleaning customers. This is a detriment not only to Coverall but to its franchisees who not only look to Coverall to procure additional commercial cleaning customers for them in a highly competitive market, but who likewise use these proprietary pricing methods, taught to them by Coverall, to obtain customers on their own for their Franchise Businesses.

8. Coverall has not disclosed any of this information to anyone outside of Coverall except those who have executed confidentiality agreements with Coverall. Within Coverall, that information is known only to a select few.

9. Disclosure of Coverall's highly sensitive confidential business information and trade secrets could undermine and jeopardize Coverall's business and acquisition strategy.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2009.

*Jacqueline V. Vlaming*
Jacqueline Vlaming, Esq.