IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIUS AWUAH, NILTON DOS SANTOS, GERALDO CORREIA, BENECIRA CAVALCANTE, DENISSE PINEDA, JAI PREM, ALDIVAR BRANDAO, PHILLIP BEITZ, RICHARD BARRIENTOS, MARIAN LEWIS, STANLEY STEWART, and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>     Defendant. | Case No. 1:07-cv-10287-WGY |

**JOINT STATEMENT REGARDING PENDING MOTIONS**

Pursuant to leave granted by this Court on May 4, 2009, plaintiffs Pius Awuah and others similarly situated ("Plaintiffs") and defendant Coverall North America, Inc. ("Coverall") hereby submit this statement regarding the status of four motions, originally filed in Dkt. Nos. 14, 16, 22 and 26, that still may be pending.

**Motion to Transfer Case or, In the Alternative, to Dismiss the Claims of Jai Prem (Dkt No. 14)**: Coverall filed this motion (the "Prem Motion") on June 29, 2007. It sought a transfer of plaintiff Jai Prem's claims to the District of New Jersey or, in the alternative, dismissal of Prem's claims on grounds of statute of limitations, failure to state a claim, and failure to plead certain claims with sufficient particularity.[1]

---

[1] After Coverall filed the Prem Motion, Plaintiffs amended their complaint for a third time (see Dkt. 79), but their amendments did not affect the grounds for the Prem Motion.

By order dated February 5, 2008, this Court denied the Prem Motion without prejudice pending further briefing by Plaintiffs on the question of subject-matter jurisdiction. After the Court was satisfied that it had jurisdiction, Coverall moved to reinstate the Prem Motion. See Dkt. 75.

On April 21, 2008, this Court reinstated the Prem Motion, but in a separate order stated: "Electronic ORDER entered denying . . . 14 MOTION to Transfer Case or in the Alternative, to Dismiss with regard to Jai Prem." Coverall contends that it is unclear whether the Court's order reached the merits of Coverall's motion under Rules 12(b)(6), 8 and 9 to dismiss Prem's claims, or denied only Coverall's motion to transfer. Plaintiffs contend that the Court has denied the Prem Motion in its entirety. The parties' arguments on the merits of Coverall's motion to dismiss Prem's claims are set forth in their memoranda of law (see Dkt. 15 and Dkt. 50) and will not be repeated here.

**Motion to Dismiss the Claims of Geraldo Correia (Dkt No. 16)**: Coverall filed this motion (the "Correia Motion") on June 29, 2007. It sought dismissal of plaintiff Geraldo Correia's claims on the grounds that they were time-barred and failed to state a claim.[2] By order dated February 5, 2008, this Court denied the Correia Motion without prejudice, pending a determination of subject-matter jurisdiction. After the Court was satisfied that it had jurisdiction, Coverall moved to reinstate the Correia Motion. See Dkt. 75. On April 21, 2008, this Court reinstated the Correia Motion. Plaintiffs subsequently sought and were granted leave to reinstate their opposition to the Correia Motion. See Dkt. 80; Electronic Order (May 12, 2008). The

---

[2] Plaintiffs' subsequent amendment of their complaint did not affect the grounds for the Correia Motion.

Correia Motion remains pending. The parties' arguments with respect to the Correia Motion are set forth in their memoranda of law (see Dkt. 17 and Dkt. 54) and will not be repeated here.

**Motion to Transfer Case or, In the Alternative, to Dismiss the Claims of Aldivar Brandao or for More Definite Statement (Dkt No. 22)**: Coverall filed this motion (the "Brandao Motion") on June 29, 2007. It sought a transfer of plaintiff Aldivar Brandao's claims to the Southern District of Florida. In the alternative, the Brandao Motion sought dismissal of certain of his claims for failure to state a claim and various failures to plead other claims with sufficient particularity. Coverall also sought an order directing Brandao to provide a more definite statement of his claims.[3]

By order dated February 5, 2008, this Court denied the Brandao Motion without prejudice, pending a determination of subject-matter jurisdiction. After the Court was satisfied that it had jurisdiction, Coverall moved to reinstate the Brandao Motion. See Dkt. 75.

On April 21, 2008, this Court reinstated the Brandao Motion, but in a separate order stated: "Electronic ORDER entered denying 22 MOTION to Transfer Case with regard to Aldivar Brandao, to the Southern District of Florida, or in the Alternative, to Dismiss." Coverall contends that it is unclear whether the Court's order reached the merits of Coverall's motion under Rules 12(b)(6), 8 and 9 to dismiss Brandao's claims or to provide a more definite statement. Plaintiffs contend that the Court has denied the Brandao Motion in its entirety. The parties' arguments on the merits of the Brandao Motion are set forth in their memoranda of law (see Dkt. 23 and Dkt. 53) and will not be repeated here.

---

[3] Plaintiffs' subsequent amendment of their complaint did not affect the grounds for the Brandao Motion.

**Motion for Summary Judgment as to the Claims of Nilton dos Santos (Dkt No. 26)**:

Coverall filed this motion (the "Dos Santos Motion") on July 16, 2007. It sought summary judgment on the claims of plaintiff Nilton dos Santos on the grounds that he is not a franchisee of Coverall, and has had no business dealings with Coverall.[4] By order dated February 5, 2008, this Court denied the Dos Santos Motion without prejudice, pending a determination of subject-matter jurisdiction. After the Court was satisfied that it had jurisdiction, Coverall moved to reinstate the Dos Santos Motion. See Dkt. 75.

On April 21, 2008, this Court reinstated the Dos Santos Motion, which remains pending. In light of Dos Santos's response to the Dos Santos Motion seeking denial of the motion under Federal Rule of Civil Procedure 56(f), see Dkt. 55, Coverall requests leave to withdraw the Dos Santos Motion without prejudice pending the completion of discovery on whether Coverall may be held liable for the conduct of its so-called "master franchisees."[5]

| | |
|---|---|
| **PIUS AWUAH, et al.,** | **COVERALL NORTH AMERICA, INC.**, |
| By their attorneys, | By its attorneys, |
| /s/ Hillary Schwab | /s/ Michael D. Vhay |
| Shannon Liss-Riordan, BBO #640716 | Michael D. Vhay (BBO No. 566444) |
| Harold L. Lichten, BBO #549689 | Paul S. Ham (BBO No. ) |
| Hillary Schwab, BBO #666029 | DLA PIPER LLP (US) |
| PYLE, ROME, LICHTEN, EHRENBERG | 33 Arch Street, 26th Floor |
| & LISS-RIORDAN, P.C. | Boston, MA  02110-1447 |

---

[4] Plaintiffs' subsequent amendment of their complaint did not affect the grounds for the Dos Santos Motion.

[5] Similarly, the parties have agreed that Coverall will not seek reinstatement of its motions for summary judgment as to Plaintiffs Phillip Beitz, Marian Lewis, and Stanley Stewart (Dkts. 81, 83, and 85) pending the completion of discovery on whether Coverall may be held liable for the conduct of its so-called "master franchisees."

18 Tremont Street, Ste. 500
Boston, MA 02108
(617) 367-7200

(617) 406-6000

Norman M. Leon
John A. Hughes
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
(312) 368-4000

John Dienelt
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000

Dated: May 18, 2009