IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIUS AWUAH, NILTON DOS SANTOS, GERALDO CORREIA, DENISSE PINEDA, JAI PREM, ALDIVAR BRANDAO, and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>     Defendant. | Case No. 1:07-cv-10287-WGY |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF
COVERALL NORTH AMERICA, INC.'S ANSWER AND COUNTERCLAIMS TO THE
CLAIMS OF PHILLIP BEITZ, ALDIVAR BRANDAO,
BENECIRA CAVALCANTE, GERALDO CORREIA, NILTON DOS SANTOS,
<u>MARIAN LEWIS, JAI PREM, AND STANLEY STEWART</u>**

Defendant/Counterclaim-Plaintiff, Coverall North America, Inc. ("Coverall"), by its attorneys, as and for its Answer, Affirmative Defenses, and Counterclaims to the Third Amended Complaint ("Complaint") of Phillip Beitz, Aldivar Brandao, Benecira Cavalcante, Geraldo Correia, Nilton dos Santos, Marian Lewis, Jai Prem, and Stanley Stewart ("Named Plaintiffs"), states as follows:

### **ANSWER**

1. Coverall denies the allegations of Paragraph 1 of the Complaint.

2. Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 2 of the Complaint, and therefore denies those allegations. Coverall denies the allegations of the second sentence of Paragraph 2 of the Complaint, except admits that Pius Awuah is a former franchisee of Coverall.

3. Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 3 of the Complaint, and therefore denies those allegations. Coverall denies the allegations of the second sentence of Paragraph 3 of the Complaint.

4. Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 4 of the Complaint, and therefore denies those allegations. Coverall denies the allegations of the second sentence of Paragraph 4 of the Complaint, except admits that Geraldo Correia is a former franchisee of Coverall.

5. Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 5 of the Complaint, and therefore denies those allegations. Coverall denies the allegations of the second sentence of Paragraph 5 of the Complaint, except admits that Benecira Cavalcante is a former franchisee of Coverall.

6. Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore denies those allegations, except admits that Denisse Pineda is a former franchisee of Coverall.

7. Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies those allegations, except admits that Jai Prem is a former franchisee of Coverall.

8. Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies those allegations, except admits that Aldivar Brandao is a former franchisee of Coverall.

9. Coverall denies the allegation that Phillip Beitz "performed cleaning services for Coverall in California." Coverall lacks knowledge or information sufficient to form a belief as to

the truth of the remainder of the allegations of Paragraph 9 of the Complaint, and therefore denies those allegations as well.

10.     Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies those allegations, except admits that Richard Barrientos is a former franchisee of Coverall.

11.     Coverall denies the allegation that Marian Lewis "performed cleaning services for Coverall in Texas." Coverall lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 11 of the Complaint, and therefore denies those allegations as well.

12.     Coverall denies the allegation that Stanley Stewart "performed cleaning services for Coverall in Texas." Coverall lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 12 of the Complaint, and therefore denies those allegations as well.

13.     Coverall states that the allegations of Paragraph 13 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Coverall denies the allegations of Paragraph 13 of the Complaint.

14.     Coverall admits the allegations of Paragraph 14 of the Complaint.

15.     Coverall states that the allegations of Paragraph 15 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Coverall denies the allegations of Paragraph 15, except admits that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §1332(d)(2).

16.     Coverall denies the allegations of Paragraph 16 of the Complaint.

17. Coverall denies the allegations of Paragraph 17 of the Complaint, except admits that franchisees are required to sign a franchise agreement (a "Janitorial Franchise Agreement") before acquiring a Coverall franchise.

18-20. Coverall denies the allegations of Paragraph 18-20 of the Complaint.

21. Coverall states that the allegations of Paragraph 21 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Coverall denies the allegations of Paragraph 21 of the Complaint.

22-26. Coverall denies the allegations of Paragraphs 22-26 of the Complaint.

27. Coverall denies the allegations of Paragraph 27 of the Complaint, except admits that franchisees are required to pay a franchise fee to acquire a Coverall franchise.

28. Coverall denies the allegations of Paragraph 28 of the Complaint, states that the franchise agreements that Coverall enters into with its franchisees are the best evidence of their respective terms, and denies any and all allegations and conclusions inconsistent therewith.

29-46. Coverall denies the allegations of Paragraphs 29-46 of the Complaint.

47. Coverall denies the allegations of Paragraph 47 of the Complaint, except admits that, only if a customers requests removal of a franchisee from an account for deficient service, another franchisee may be offered the opportunity to service that account.

48. Coverall denies the allegations of Paragraph 48 of the Complaint.

49. Coverall denies the allegations of Paragraph 49 of the Complaint, states that the franchise agreements and promissory notes which Coverall enters into with its franchisees are the best evidence of their respective terms, and denies any and all allegations and conclusions inconsistent therewith.

50-52. Coverall denies the allegations of Paragraphs 50-52 of the Complaint.

53.     Coverall states that the allegations of Paragraph 53 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Coverall denies the allegations of Paragraph 53 of the Complaint, except admits that its franchisees are independent contractors.

54-58.  Coverall denies the allegations of Paragraphs 54-58 of the Complaint.

59.     Coverall states that the allegations of Paragraph 59 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Coverall denies the allegations of Paragraph 59 of the Complaint.  Answering further, Coverall states that the Internal Revenue Service determined that the franchisee at issue in the case cited by Plaintiffs was an independent contractor.

60-62.  Coverall denies the allegations of Paragraphs 60-62 of the Complaint.

63.     Coverall denies the allegations of Paragraph 63 of the Complaint, except admits that Coverall receives from its franchisees such payments as are authorized by each franchisee's franchise agreement.

64.     Coverall denies the allegations of Paragraph 64 of the Complaint.

65.     Coverall denies the allegations of Paragraph 65 of the Complaint, except admits that its franchisees are not eligible for unemployment payments when they lose customer accounts.

66.     Coverall denies the allegations of Paragraph 66 of the Complaint.

## Count I

Coverall denies the allegations of Count I of the Complaint.

## Count II

Coverall denies the allegations of Count II of the Complaint.

### Count III

Coverall denies the allegations of Count III of the Complaint.

### Count IV

Coverall denies the allegations of Count IV of the Complaint.

### Count V

Coverall denies the allegations of Count V of the Complaint.

### Count VI

Coverall denies the allegations of Count VI of the Complaint.

### Count VII

Coverall denies the allegations of Count VII of the Complaint.

### Count VIII

Coverall denies the allegations of Count VIII of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Named Plaintiffs' claims are barred because Coverall has fulfilled all of its obligations and duties under each plaintiff's Janitorial Franchise Agreement.

### Third Affirmative Defense

The Named Plaintiffs' claims are barred by their failure to comply with their contractual obligations and duties to Coverall.

### Fourth Affirmative Defense

The Named Plaintiffs' claims are barred because they have received from Coverall everything that they were contractually entitled to receive.

### Fifth Affirmative Defense

The Named Plaintiffs' claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

Phillip Beitz, Aldivar Brandao, Benecira Cavalcante, Geraldo Correia, Nilton dos Santos, and Jai Prem's claims are barred by the statute of limitations.

### Seventh Affirmative Defense

Phillip Beitz, Marion Lewis, Nilton dos Santos, and Stanley Stewart's claims are barred by their failure to join necessary and indispensable parties.

### Eighth Affirmative Defense

Benecira Cavalcante has released and waived her claims against Coverall.

## COUNTERCLAIMS

### Parties

1.      Defendant/Counterclaim-plaintiff Coverall North America, Inc. ("Coverall") is a Delaware corporation with its principal place of business in Boca Raton, Florida.  Coverall is a successor in interest of The Kover Group, Inc., d/b/a Coverall of Fort Lauderdale ("Kover").

2.      Plaintiff/Counterclaim-defendant Aldivar Brandao is a former franchisee of Coverall.  On information and belief, he is an adult resident of Massachusetts.

### Jurisdiction and Venue

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1332(a) and 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

### Count I

### (Breach of the Janitorial Franchise Agreement)

5. On April 4, 2001, Aldivar Brandao executed a Janitorial Franchise Agreement with Kover.

6. Under the Janitorial Franchise Agreement, Brandao paid $8,000 towards an initial franchise fee of $14,000. The remaining $6,000 he financed through a promissory note payable to Kover.

7. On or about December 31, 2001, Kover merged into Coverall.

8. Brandao has not paid back all of $6,000 (plus interest) that he owes to Coverall under the Janitorial Franchise Agreement.

9. Further, under the Janitorial Franchise Agreement, Brandao agreed not to engage in conduct that reflects materially and adversely upon the operation and reputation of Coverall's or his franchise's business.

10. Brandao, through aggressive behavior and profane speech towards Coverall and his franchise's customers, violated the terms of the Janitorial Franchise Agreement.

### Count II

### (Breach of the Promissory Note)

11. On April 4, 2001, Aldivar Brandao executed a promissory note to finance $6,000 at 12% interest, owed to Kover by Brandao for the initial franchise fee.

12. On or about December 31, 2001, Kover merged into Coverall.

13. Brandao has not paid back all of the $6,000 (plus interest) that he owes to Coverall under the promissory note.

**WHEREFORE,** Coverall requests:

A. Judgment in Coverall's favor and against the Named Plaintiffs on all Counts of the Complaint;

B. Judgment in Coverall's favor and against Aldivar Brandao on all Counts of Coverall's Counterclaims;

C. An award of Coverall's costs and expenses, including attorneys' fees, incurred herein; and

D. That this Court grant such other and further relief as is just and appropriate.

**COVERALL NORTH AMERICA, INC.**,

By its attorneys,

  /s/  Paul S. Ham
Michael D. Vhay (BBO No. 566444)
*michael.vhay@dlapiper.com*
Paul S. Ham (BBO No. 673193)
*paul.ham@dlapiper.com*
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000

Norman M. Leon
John A. Hughes
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
(312) 368-4000

|  |  |
|---|---|
|  | John Dienelt |
|  | DLA PIPER US LLP |
|  | 1200 Nineteenth Street, NW |
|  | Washington, DC  20036 |
|  | (202) 861-3900 |
| Dated: June 30, 2009 |  |

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on mailing time and provide for a uniform period regardless of the use of the mails.

/s/ Paul S. Ham_____
Paul S. Ham