# United States Court of Appeals
## For the First Circuit

No. 09-1284

PIUS AWUAH, NILTON DOS SANTOS,
GERALDO CORREIA, BENECIRA CAVALCANTE,
DENISSE PINEDA, JAI PREM, ALDIVAR BRANDAO,
PHILLIP BEITZ, RICHARD BARRIENTOS,
MARIAN LEWIS, STANLEY STEWART, and all
others similarly situated,

Plaintiffs, Appellees,

v.

COVERALL NORTH AMERICA, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Stahl and Lipez,
Circuit Judges.

Michael D. Vhay with whom Paul S. Ham, Norman M. Leon, John F. Dienelt and DLA Piper LLP were on brief for appellant.
Hillary Schwab with whom Harold L. Lichten, Shannon Liss-Riordan and Lichten & Liss-Riordan, P.C. were on brief for appellees.

October 27, 2009

**BOUDIN**, <u>Circuit Judge</u>.  This is an attempted interlocutory appeal by Coverall North America, Inc., seeking review in this court of a discovery-related order by the district court in litigation now pending before it.  The case in the district court is a class action by Coverall's "franchisees" alleging that Coverall made misrepresentations, failed to keep its contractual promises, and wrongly classified them as independent contractors; the nature of Coverall's operations and other pertinent background is described in <u>Awuah</u> v. <u>Coverall North America, Inc.</u>, 554 F.3d 7 (1st Cir. 2009).

During discovery, Coverall's former chief financial officer, Steven R. Cumbow, was deposed and the deposition initially sealed because of Coverall's claims that it revealed privileged and confidential information about Coverall's business practices including various accounting matters. Thereafter, in October 2008, the plaintiffs moved to unseal the deposition so that they could make fuller use of it.  The district court held a hearing, reviewed disputed passages and unsealed portions that it found not to be privileged.

Coverall then sought a protective order as to certain passages of Cumbow's deposition that it claimed revealed trade secrets or competitively sensitive information, and after further proceedings the district judge ruled against the trade secrets claim but agreed that certain deposition passages--although not all

those requested by Coverall--should remain sealed because they are competitively sensitive.  Although Coverall sought protection for passages on 28 pages of Cumbow's deposition, protection was granted for all passages on 15 pages and, on another page, for one passage but not a second.  Coverall has now appealed from the denial of protection as to the remaining passages (and their disclosure has been stayed pending this appeal).

The general rule is that interlocutory orders are not immediately reviewable but must await a final judgment; however, among a number of exceptions is that created by the collateral order doctrine, Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949), which allows interlocutory appeal of orders that decide issues that meet all four of these criteria: they (1) are distinct from the merits, (2) are definitive as to the issues sought to be reviewed, (3) affect interests that could not be vindicated by appeal after a final judgment, and (4) present an important issue meriting immediate review. Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 398 (1st Cir. 2005).[1]

---

[1] Some of our cases condense the four factors into three, Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 25 (1st Cir. 2008) (quoting Will v. Hallock, 546 U.S. 345, 349 (2006)), but the substance is the same: a definitive decision, distinct from the merits, on an important issue, which would effectively be unreviewable at the end of the case.  See also U.S. Fidelity & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 54-55 & n.15 (1st Cir. 2009).

Many discovery orders are effectively reviewable on final judgment, but disclosure of allegedly privileged or sensitive information may threaten immediate harm that cannot later be undone on review of the final judgment. The unsealing order in this case meets that test and also definitively resolves the question whether the disputed passages are to be made public. Plaintiffs dispute that the confidentiality issue is "distinct from the merits" of the case--a criterion whose application may in some instances not be straightforward;[2] but we bypass that question because we conclude that the final requirement--importance--cannot be satisfied.

It might be asked why such requirements exist at all if an order may cause irreparable harm that cannot be undone by later review, but the final judgment rule implicitly accepts that some harms may result from deferring appeals; for example, a court may unreviewably refuse to dismiss a case on summary judgment prior to trial, thereby imposing heavy costs on the defense. Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 872 (1994). But piecemeal appeals impose costs of their own by multiplying proceedings and delaying resolution. Will, 546 U.S. at 350;

---

[2] See, e.g., Van Cauwenberghe v. Biard, 486 U.S. 517, 527-29 (1988); United States v. MacDonald, 435 U.S. 850, 859-60 (1978); 15A Wright, Miller & Cooper, Federal Practice and Procedure § 3911.2, at 378-95 (2d ed. 1991) (discussing cases relevant to this factor).

Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 46 (1st Cir. 1988). The final judgment rule, tempered by exceptions, is a compromise.

Further, in the course of a single case, discovery-related orders are often numerous and often close calls. Yet they are rarely overturned on appeal, because review is normally for abuse of discretion, Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 186 (1st Cir. 1989); typically such orders involve balancing conflicting interests and depend on the trial judge's hard-won familiarity with the course of proceedings. The benefits of routinely allowing such appeals are judged not to outweigh the unquestionable costs. Reise v. Bd. of Regents of Univ. of Wis. Sys., 957 F.2d 293, 295 (7th Cir. 1992); Donlon Indus., Inc. v. Forte, 402 F.2d 935, 937 (2d Cir. 1968) (Friendly, C.J.).

The "importance" requirement in the collateral order doctrine thus serves as a mediating device, just as it does with mandamus, another vehicle for review of interlocutory orders with somewhat different criteria. See United States v. Horn, 29 F.3d 754, 769-70 (1st Cir. 1994). Although Coverall says that trade secrets should be treated differently than other subjects sought to be reviewed on an interlocutory basis, claims that revealing information will cause irreparable harm can be made as to many types of material, and the circuits have regularly denied interlocutory appeals in which litigants sought to challenge

discovery orders governing what information needs to be disclosed and to whom.

This is the settled rule in this circuit, <u>In re Insurers Syndicate for the Joint Underwriting of Medico-Hosp. Prof'l Liab. Ins.</u>, 864 F.2d 208, 210 (1st Cir. 1988), and most others; a collection of such decisions appears in an addendum to this decision. As a leading treatise explains:

> [C]ourts routinely dismiss appeals from orders granting discovery, denying discovery, granting protective orders, granting a protective order narrower than requested, denying protective orders, refusing to modify protective orders, or dealing with the procedures for conducting discovery.

15B Wright, Miller & Cooper, <u>supra</u>, § 3914.23, at 124-30. While one circuit has created an automatic exception when a party is ordered to disclose trade secrets, <u>In re Carco Elecs.</u>, 536 F.3d 211, 213 & n.3 (3d Cir. 2008), it recognized that "[o]ther courts of appeals have rejected our approach."

The situation is different where a discovery order is directed to a non-party who is not otherwise part of the litigation, <u>e.g.</u>, <u>Gill</u>, 399 F.3d at 393-94, 399 (allowing appeal by a non-party ordered to disclose claimed privileged information), and thus cannot ordinarily appeal from a final judgment. <u>Nat'l Ass'n of Chain Drug Stores</u> v. <u>New England Carpenters Health Benefits Fund</u>, Nos. 09-1577, 09-1580, 09-1578, 09-1579, 2009 WL 2824867, at *6 (1st Cir. Sept. 3, 2009). Similarly, when an

individual is held in contempt for refusing to produce information, the contempt order may be immediately appealable. Corporacion Insular de Seguros v. Garcia, 876 F.2d 254, 256-57 (1st Cir. 1989). But Coverall is a party and lacks contempt as a means of testing the order (because the deposition material is already in court files but temporarily sealed).

Turning then to the importance criterion, cases deemed to qualify usually present a disputable legal issue whose importance turns on the likelihood that it will arise in other cases. E.g., Cohen, 337 U.S. at 547; U.S. Fidelity, 578 F.3d at 56; United States v. Filippi, 211 F.3d 649, 651 (1st Cir. 2000). In such cases there are special benefits to "the system" from getting the issue resolved and, in addition, the de novo standard of review for legal issues makes a different outcome on appeal a far more realistic possibility than with fact-specific discovery rulings tested for abuse of discretion. In re Cont'l Inv. Corp., 637 F.2d 1, 7 (1st Cir. 1980).

There is no "legal" issue presented by the merits of the discovery order in this case. The district court's decisions on virtually all of the disputed passages involved routine judgments about the likelihood that competitive harm will be done by disclosures about particular aspects of Coverall's business operations. It would be hard to think of more fact-bound controversies or ones more likely to turn on largely speculative

judgments about a business with which the district court is now familiar as a result of managing the case and its extensive review of the disclosure issues.  Coverall does not even attempt to frame an abstract legal issue for our review.

Some collateral order cases suggest that only distinctly legal issues can qualify; others, by referring only to importance, might suggest that in rare cases the significance of the interest at stake or even the magnitude of an error might qualify.[3]  We have no reason to pursue those possibilities because nothing of the kind has been established here.  What is before us is a routine set of arguments, none too strong in themselves, that the judge underestimated the potential for competitive damage as a result of the release of the limited number of passages he declined to protect.  See, e.g., Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993).

Of course, Coverall has fought energetically and over a considerable period against the disclosures and one might infer that this resistance is a proxy demonstrating the extreme competitive sensitivity of the information.  The inference, not in

---

[3] E.g., Digital Equip., 511 U.S. at 879 (stating that what "qualifies as 'important'" is "being weightier than the societal interests advanced by the ordinary operation of final judgment principles"); Lee-Barnes, 513 F.3d at 26 (same); 15A Wright, Miller & Cooper, supra, § 3911.5, at 430-32;  see also Mitchell v. Forsyth, 472 U.S. 511, 524-30 (1985) (holding rejection of qualified immunity immediately appealable); Abney v. United States, 431 U.S. 651, 662 (1977) (holding rejection of a double jeopardy claim immediately appealable).

any case proof that the district court was mistaken, is hardly air-tight: Coverall has been charged--it has not been found liable in this case--with activities that could be viewed as highly unattractive.  See Awuah, 554 F.3d at 8-9.  It is not necessarily the disclosure to competitors that makes the district court's order a matter of concern.  Others, including enforcement agencies and potential plaintiffs, may find the disclosures of interest in ways that would not serve Coverall's interests.

Conversely, one may ask why plaintiffs are pressing for unsealing since the protective order allows plaintiffs' counsel access to the information; merely embarrassing a defendant into settlement might not be an appealing ground for forced disclosure.  But, asked at oral argument how the sealing of available information disadvantaged plaintiffs, plaintiffs' counsel offered reasons why counsel were handicapped by the protective order--for example, in working with experts or other potential witnesses and during arbitration to which some plaintiffs may be subject--and the reasons were not implausible.

The appeal is dismissed for want of a final judgment.  Costs are awarded in favor of appellees.

It is so ordered.

ADDENDUM

Many cases in other circuits disallow immediate appeals of discovery orders that govern what information needs to be disclosed and to whom. E.g., Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 162-63 (2d Cir. 1992) (dismissing an appeal of an order to produce privileged documents); MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 120 (4th Cir.) ("The dangers of a trade secrets exception to the nonappealability of discovery orders should be apparent."), cert. denied, 513 U.S. 1000 (1994); Texaco Inc. v. La. Land & Exploration Co., 995 F.2d 43, 43-44 & n.4 (5th Cir. 1993) (dismissing an appeal of an order to produce privileged documents and collecting cases holding that discovery orders are not appealable); Coleman v. Am. Red Cross, 979 F.2d 1135, 1138 (6th Cir. 1992) (en banc) ("We have held repeatedly that orders denying or granting discovery are not appealable under the collateral order doctrine."); Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122, 1125 (7th Cir. 1997) (Posner, C.J.) ("It is true that a discovery order is not deemed collateral even if it is an order denying a claim of privilege."); Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 953 (8th Cir. 1979) ("Most courts, including this one, have held that orders compelling the production of documents or testimony are not appealable as collateral orders or otherwise. We review an order partially lifting a protective order as the functional equivalent of an order compelling production of

documents or testimony . . . ." (citations omitted)); In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Litig., 821 F.2d 1422, 1424 (9th Cir. 1987) ("Review is not available to determine whether previously disclosed material should be the subject of a protective order . . . . These matters are for the district court . . . ."); <u>Boughton</u> v. <u>Cotter Corp.</u>, 10 F.3d 746, 749-50 (10th Cir. 1993) (denying an appeal of an order requiring production of allegedly privileged information and attorney work product); <u>Rouse Constr. Int'l, Inc.</u> v. <u>Rouse Constr. Corp.</u>, 680 F.2d 743, 745-46 (11th Cir. 1982) (finding an order compelling production of financial statements not appealable).