**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| PIUS AWUAH, et al., and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>Defendant | ) | Civil Action No.<br>07-10287-WGY |

**PLAINTIFFS' MOTION TO CERTIFY QUESTION TO THE MASSACHUSETTS SUPREME JUDICIAL COURT (SJC) REGARDING ENFORCEABILITY OF COVERALL'S ARBITRATION CLAUSE**

On June 11, 2010, Plaintiffs filed a motion to strike Coverall's arbitration clause as to all Massachusetts franchisees, and that motion was denied by Electronic Order on June 28, 2010. Plaintiffs now request that, because of the extremely important issues raised by recent developments in the area of enforceability of arbitration clauses, the Court certify to the Massachusetts Supreme Judicial Court (SJC) the question of whether Coverall's arbitration provision is enforceable in Massachusetts. The recent developments that make this an important question of public concern are as follows. First, the United States Supreme Court in Stolt-Nielsen v. AnimalFeeds International Corp., 130 S.Ct. 1758 (2010), determined that arbitration cannot proceed on a classwide basis without both parties' consent. Second, the Massachusetts SJC determined last year in a consumer case, Feeney v. Dell, Inc., 454 Mass. 192 (2009), that class action waivers are not permitted under Massachusetts law. Plaintiffs contend that the holding in Feeney should apply as well to employment cases; that question

alone is an important question that would have provided useful guidance to employers and employees throughout Massachusetts. Coupled, however, with the Supreme Court's recent Stolt-Nielsen decision, this issue raises questions of great urgency to be addressed by the SJC.

If Plaintiffs are correct that the SJC would apply Feeney to the employment context, and if the class action waiver in this case were therefore stricken (for example, by Magistrate Judge Bowler at the hearing directed by this Court and the First Circuit), Plaintiffs would then face the dilemma in arbitration that an arbitrator would be unable to consider a class action in light of Stolt-Nielsen, since Coverall's attempt to preclude class actions in arbitration would signify a lack of consent to class arbitration.

As things stand, therefore, without further guidance from the SJC, employers throughout Massachusetts are now free to impose mandatory arbitration provisions on their employees that preclude the use of class actions, despite the SJC's ruling in Feeney that class action waivers are not permitted under Massachusetts law in a consumer setting. Even if such a clause in the employment context were stricken, the employees would still be unable to pursue a class action in arbitration because of Stolt-Nielsen, thereby giving effect to the class waiver that the SJC held unenforceable in Feeney. This circular dilemma merits immediate review by the SJC. The issue is an important matter of public policy that the SJC has already weighed in on in Feeney. It would be extremely useful to the employment bar throughout Massachusetts to know whether its holding applies to the employment context as well, and whether the Supreme Court's ruling in Stolt-Nielsen would thereby preclude the enforcement of *any* arbitration clause in Massachusetts that attempted to preclude class actions by

employees against their employers – or if instead, employers in the Commonwealth may avoid class actions altogether now through the use of class action waivers in mandatory arbitration agreements.[1]

Respectfully submitted,
PIUS AWUAH, et al., and all
others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan________
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated: July 9, 2010

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for Coverall, Michael Vhay, Esq., regarding the subject matter of this motion and that we were not able to reach agreement.

/s/ Shannon Liss-Riordan________
Shannon Liss-Riordan

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2010, a copy of this document was served by electronic filing on all counsel of record.

/s/ Shannon Liss-Riordan________
Shannon Liss-Riordan

[1] If the Court is inclined to certify this issue to the SJC, Plaintiffs request that they be permitted to also raise with the SJC the other grounds on which they opposed Coverall's arbitration clause, namely the provisions requiring the franchisees to split the costs of arbitration, requiring franchisees to pay Coverall's attorneys' fees for unsuccessful claims, limiting available remedies, shortening the limitations period, and requiring arbitration proceedings to remain confidential. Whether these provisions are permissible or not under Massachusetts law is also a matter of important public concern; however, it is the class action waiver that creates the particular circular dilemma that has prompted Plaintiffs to file this motion.