UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                 )
PIUS AWUAH, DENISSE PINEDA,      )
JAI PREM, RICHARD BARRIENTOS,    )
ANTHONY GRAFFEO, MANUEL DASILVA, )
ALDIVAR BRANDAO, BENECIRA        )
CAVALCANTE, GERALDO CORREIA,     )
                                 )
                 Plaintiffs,     )
                                 )
          v.                     ) CIVIL ACTION
                                 ) NO. 07-10287-WGY
COVERALL NORTH AMERICA, INC.,    )
                                 )
                 Defendant.      )
                                 )
```

ORDER OF CERTIFICATION

YOUNG, D.J.                                October 26, 2010

I.   **INTRODUCTION**

Coverall North America, Inc. ("Coverall") franchises

commercial janitorial cleaning businesses.  Under the franchise

agreements, the franchisees are classified as independent

contractors.  On March 23, 2010, this Court held that

Massachusetts franchisees of Coverall were misclassified as

independent contractors under Massachusetts General Laws chapter

149, section 148B (the "Independent Contractor Statute").  Awuah

v. Coverall North America, Inc., 707 F. Supp. 2d. 80, 84 (D.

Mass. 2010); see also Coverall North America, Inc. v. Comm'r of

the Div. Of Unemployment Assistance, 447 Mass. 852 (2006)

(affirming ruling that a Coverall franchisee did not qualify as

an independent contractor under the Independent Contractor
Statute). Upon review of cross-motions for summary judgment
regarding the damages suffered by one such misclassified worker,
Anthony Graffeo ("Graffeo"), this Court ruled that there are
certain statutory costs that an employer must bear and that
shifting such costs to a misclassified independent contractor
constitutes "damages incurred" under Massachusetts General Laws
chapter 149, section 150. <u>Awuah</u> v. <u>Coverall North America, Inc.</u>,
-- F. Supp. 2d. --, 2010 WL 3766486, at *2 (D. Mass. Sept. 28,
2010). This interpretation of "damages incurred" presented an
issue of first impression.

## II. PRIOR PROCEEDINGS

Pius Awuah filed a complaint ("Compl.") on behalf of himself
and all others similarly situated against Coverall on February
15, 2007. ECF No. 1. The first amended complaint ("First Amend.
Compl.") was filed on February 21, 2007. ECF No. 2. In this
complaint, Denisse Pineda, Jai Prem, and Aldivar Brandao were
added as plaintiffs. <u>Id.</u> On June 4, 2007, the plaintiffs filed
an assented to motion to amend the amended complaint. ECF No.
10. The second amended complaint ("Sec. Amend. Compl.") was
filed on June 5, 2007, and added Nilton Dos Santos as a
plaintiff. <u>Id.</u> On July 16, 2007, Coverall filed a motion for
summary judgment as to the claims of Nilton Dos Santos. ECF No.
26.

2

Arguments for and against Coverall's motion for summary judgment were heard on September 27, 2007.  On February 8, 2008, this Court denied the motion for summary judgment without prejudice.  Coverall filed a motion to reinstate various motions on April 18, 2008, including the motion for summary judgment against Nilton Dos Santos.  ECF No. 75.  The motion to reinstate various motions was granted on April 21, 2008.

The plaintiffs filed a third amended complaint ("Third Amend. Compl.") on April 25, 2008.  ECF No. 79.  The new complaint added Geraldo Correia, Benecira Cavalcante, Phillip Beitz, Richard Barrientos, Marian Lewis, and Stanley Stewart as plaintiffs.  Id.  On May 8, 2008, the plaintiffs filed a motion to reinstate their objections to Coverall's reinstated motions. ECF No. 80.  On May 9, 2008, Coverall filed motions for summary judgment and an accompanying memorandum as to the claims of Phillip Beitz, ECF No. 81, Marian Lewis, ECF No. 83, and Stanley Stewart, ECF No. 85.

On June 2, 2008, after multiple hearings on motions regarding arbitrability, the case was referred to Magistrate Judge Bowler to determine the issue of "unconscionability" in the arbitration clause included in some of the contracts between Coverall and certain of the plaintiffs.  See ECF No. 105.

On July 1, 2008, this Court concluded "that it must determine the issues of arbitrability the plaintiffs have

presented.  The parties shall therefore proceed before Magistrate
Judge Bowler per the previous order of the Court.  Once the
issues of unconscionability have been resolved, the Court will
make a determination about whether to stay the action pending
arbitration." ECF No. 115.  After this order was filed, Coverall
appealed to the First Circuit Court of Appeals.  See ECF No. 116.
On July 31, 2008, all proceedings were stayed pending the appeal.
ECF No. 131.  On the same day, this Court terminated various
motions including the summary judgment motions as to the claims
of Beitz, Lewis, and Stewart.  The Court noted these motions
could be reopened once the First Circuit returned the case to the
district court.

The First Circuit issued an opinion on January 27, 2009,
affirming this Court's refusal to order arbitration and remanded
the case to this Court.  ECF No. 150.  On March 11, 2009, the
First Circuit issued a mandate which ended the stay on
proceedings in this Court.  ECF No. 162.

Coverall renewed its Motion for Summary Judgment against
Marian Lewis, Stanley Stewart, Phillip Beitz, and Nilton Dos
Santos (collectively, the "Agency Plaintiffs") on December 18,
2009, ECF No. 194, arguing that the Agency Plaintiffs had not
contracted with Coverall and, thus, had no claims against
Coverall.  This Court granted Coverall's Motion for Summary
Judgment against the Agency Plaintiffs on February 9, 2010.

At the same time that Coverall renewed its summary judgment motion as to the Agency Plaintiffs, the remaining Massachusetts Plaintiffs brought a motion for summary judgment on the issue of misclassification of Massachusetts franchisees.  ECF No. 200.  As stated above, the Court granted that motion on March 23, 2010.

Thereafter, the Court tried the claims of Aldivar Brandao, Benecira Cavalcante, and Geraldo Correia as an exemplar case, and Jai Prem settled his case with Coverall.  The plaintiffs filed a Fourth Amended Complaint ("Fourth Am. Compl.") on July 9, 2010, adding Anthony Graffeo as a Massachusetts plaintiff.  ECF No. 312.  The Court has denied the plaintiffs' motion for class certification without prejudice to the possible certification of a Massachusetts class to address the misclassification damages. ECF No. 227.

The parties then filed cross motions for summary judgment concerning the damages suffered by Graffeo as a misclassified worker.  The Court allowed in part and denied in part each party's motion on September 28, 2010 in light of the Court's interpretation of the phrase "damages incurred," appearing in Massachusetts Generals Laws chapters 149 and 150.  All the other plaintiffs voluntarily have submitted all their claims to arbitration, reserving issues of arbitrability for later determination by the Court.

### III. BACKGROUND

Coverall franchises commercial janitorial cleaning businesses.  Graffeo purchased a Coverall franchise in January 1995.  Janitorial Franchise Agreement, ECF No. 320-2 (the "Franchise Agreement").  Under the Franchise Agreement, the parties agreed that Coverall would bill the cleaning clients and remit payment to Graffeo minus any fees provided for under the Franchise Agreement.  Franchise Agreement ¶ 3.C.  Graffeo argues that these fees were improperly withheld because Coverall misclassified him as an independent contractor.

Under Massachusetts law, a missclassified worker is entitled to "damages incurred, and for any lost wages and other benefits." Mass. Gen. Laws ch. 149, § 150.  The Supreme Judicial Court has not defined the term "damages incurred," although it explained in Somers v. Converged Access, Inc., 454 Mass. 582 (2009), that it includes "wages and benefits the plaintiff proves he was denied because of his misclassification as an independent contractor." Id. at 594.

Three other statutes are implicated in the withholding of fees under the Franchise Agreement.  With some exceptions, Massachusetts requires employers to pay employees within a week of the weekly or bi-weekly pay period during which the wages were earned.  Mass. Gen. Laws ch. 149, § 148.  In addition, under Massachusetts law, an employer is required to contribute to

workers' compensation insurance to cover injuries in the event
that an employee is injured on the job.  Mass. Gen. Laws ch. 152,
§ 25A.  Employers, however, are allowed to withhold "payments or
contribution of or toward the cost of or the premiums of any
insurance policy . . . from wages of any employee by an employer
in accordance with a written request made by the individual
employee."  Mass. Gen. Laws ch. 145, § 8.

    A.   The Parties' Proposed Constructions

    Graffeo's theory of recovery under the Independent
Contractor Statute implicates the definition of "damages
incurred" under Massachusetts General Laws chapter 149, section
150 because the deductions taken from his gross wages do not
easily fit into the categories of lost wages or benefits.

        1.   Coverall

    Coverall argues that Graffeo cannot prove any statutory wage
damages because it is undisputed that he received at least the
minimum wage, never worked overtime, and never submitted a
workers' compensation claim, and that he has no other form of
damages because he agreed to all of the withheld fees in the
Franchise Agreement.  Coverall argues that "damages incurred"
only covers damages resulting directly from misclassification,
and because the fees paid were the result of a contractual

obligation freely undertaken,[1] they are not directly related to his misclassification.

  2.  Graffeo

Graffeo argues that certain fees were improperly withheld from his wages due to missclassification, despite the fact that he agreed to these fees in the Franchise Agreement.  Graffeo identified five categories of fees: (1) Franchise Fees; (2) Royalty and Management Fees; (3) Insurance; (4) Supplies and Equipment; and (5) Chargebacks.[2]  He argues that a fee amounts to "damages incurred" if it is something that an employee would not have had to pay.

**IV.  THIS COURT'S STATUTORY CONSTRUCTION**

In reviewing the parties' submissions, this Court determined that the heart of Graffeo's interpretation of "damages incurred" is an argument that the accounts receivable accounting method is improper for an employer-employee relationship or that a franchisor-franchisee relationship is likewise improper.  The Court ruled that such a broad reading cannot be justified by the statutes at issue and that there is no indication from the

---

[1] There is no suggestion here that Graffeo was fraudulently induced to enter into the Franchise Agreement.

[2] A "chargeback" is a fee charged by Coverall to its cleaning workers when a customer does not pay its bill for cleaning services.  Graffeo Mem. Supp. Summ. J. 6, ECF No. 319.

Massachusetts legislature, executive, or judicial branch to make such a broad policy announcement.  Awuah, 2010 WL 3766486, at *2.

Turning to the five categories of deductions identified by Graffeo, the Court determined that Graffeo suffered "damages incurred" through deductions that shifted to the employee costs statutorily directed to the employer.  Id. at *3.  Thus, to the extent any insurance premiums paid by Graffeo were substitutes for workers' compensation insurance, Graffeo was damaged by having to pay those premiums.  Id.  To make this determination, the Court implicitly held that the "insurance" referenced in Massachusetts General Laws chapter 145, section 8 does not include workers' compensation insurance.

Likewise, to the extent that Coverall withheld chargebacks from Graffeo's wages when a customer failed to remit payment within a certain timeframe, Coverall violated the Wage Act and Graffeo was entitled to interest on any late repayment for the chargebacks.  Id. at *4.  This Court ruled that the chargebacks constituted late wages despite the contractual language which Coverall contends mandates that Graffeo did not earn his wages until a customer paid for his services.  The Court held that such contractual provisions were made to circumvent the Wage Act and Coverall could not contract away that law's application.  Id.

V.    **ORDER FOR CERTIFICATION**

The interpretation of "damages incurred" and this Court's related interpretations of the Massachusetts General Laws have a dispositive impact on Graffeo's case and will govern its further management.  To the extent Graffeo suffered damages incurred as a result of his misclassification, Graffeo may be able to move to certify a class of all Massachusetts franchisees who suffered the same damages.  If Graffeo suffered no damages incurred as a result of his misclassification, the case will be terminated.

Because the fate of this case hinges on interpretations of Massachusetts laws and there are no controlling precedents in the decisions of the Supreme Judicial Court of Massachusetts, this Court respectfully certifies the following questions to the Supreme Judicial Court of Massachusetts pursuant to its Rule 1:03:

1.    Under Massachusetts law, may a franchisor lawfully use customer accounts-receivable financing to pay a franchisee who is characterized as an employee under Mass. General Laws chapter 149, section 148B?

2.    Under Massachusetts law, do the "damages incurred" for which a misclassified worker can seek recompense under Massachusetts General Laws chapter 149, section 150 include costs that an employer statutorily must bear?

3.    Under Massachussets law, may an employer lawfully withold wages to an employee if the employer and employee agree that such wages are not earned until a customer remits payment?

4.    Under Massachusetts law, may an employee and his employer lawfully agree that the employee will pay some or all of the cost of workers' compensation or other

insurance coverage procured to alleviate the liability of the employer?

This Court of course welcomes the advice of the Supreme Judicial Court of Massachusetts on any other questions of Massachusetts law deemed material to this case.

The Clerk will transmit this question and copies of the record, briefs, and appendices in this case to the Supreme Judicial Court of Massachusetts.

This case will remain administratively closed and proceedings stayed as to these plaintiffs until responses to the certified questions are received from the Supreme Judicial Court.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

11