UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PIUS AWUAH, et al., and all others similarly situated,

    *Plaintiffs*,

v.

COVERALL NORTH AMERICA, INC.,

    *Defendant*.

Case No. 1:07-cv-10287-WGY

**COVERALL NORTH AMERICA, INC.'S OPPOSITION TO
PLAINTIFFS' RENEWED MOTION
CHALLENGING ARBITRATION CLAUSE**

While claiming that they are acting "[i]n the wake of the arbitration of the claims of the four named plaintiffs who had signed franchise agreements with arbitration clauses," Plaintiffs' Renewed Motion challenging those clauses ignores the substantial proceedings that have preceded their Motion. The Court should deny their motion for three reasons.

First, for the umpteenth time, Plaintiffs ask this Court to do what the First Circuit said it may not do: rule on the enforceability of the parties' arbitration agreements absent a finding, to be made after a hearing, that the agreements provide an "illusory" remedy. *Awuah v. Coverall North America, Inc.*, 554 F.3d 7, 13 (1st Cir. 2009).[1] Consistent with the First Circuit's order, this Court gave Plaintiffs the chance to present an "illusoriness" case on September 23, 2010. On the morning of September 23, this Court also gave Plaintiffs the alternative of having the Court arbitrate the claims of the only remaining Plaintiffs who have arbitration agreements (the

---

[1] Prior to the Renewed Motion, the Court most recently read the identical arguments in Plaintiffs' motion Dkt. 303, which this Court denied on June 28, 2010.

"Arbitration Plaintiffs"), in lieu of the "illusoriness" hearing. *See* 9/23/2010 Hearing Transcript, 47-53. The Arbitration Plaintiffs opted for "judicial" arbitration. *See id.* at 53. Having opted for arbitration, the Arbitration Plaintiffs should be deemed to have waived their right to argue that the arbitration remedy is illusory – and the First Circuit's decision is clear that, absent a finding that the remedy is illusory, there is no basis for this Court to make any ruling on the parties' arbitration agreements, as such questions are "for the arbitrator." *Id*. at 12.

Second, if the Arbitration Plaintiffs have not waived their right to challenge their arbitration agreements, they should be estopped from contending that the arbitration remedy is illusory.[2] As the Court witnessed first hand, the Arbitration Plaintiffs presented their claims, fully, in arbitration. The Arbitration Plaintiffs have not pointed, and cannot point, to any impediment arising from their arbitration agreements that in any way prevented them from vindicating all of their rights in arbitration. Having had a full and fair opportunity to present their claims in arbitration, the Arbitration Plaintiffs should not be heard to complain that the arbitration remedy is "illusory."

Third, if (1) the Arbitration Plaintiffs somehow have preserved the right to challenge the arbitration remedy as illusory[3], and (2) somehow deserve an "illusoriness" finding without

---

[2] The Arbitration Plaintiffs' logic is baffling: having assented to have their claims arbitrated, they now ask the Court to invalidate the very agreement that required arbitration. If their attempt at time travel is successful, one wonders what becomes of the arbitration and its resulting award. (And how may one "prevail" in an arbitration that never occurred, *see* Dkt. No. 352?)

[3] At the September 23, 2010 "illusoriness" hearing, Coverall pointed out that *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010), rendered after the First Circuit's decision in *Awuah*, had narrowed the permissible scope of the "illusoriness" inquiry. In *Jackson*, the Supreme Court held that where an arbitration agreement delegates to the arbitrator the power to address the validity of the arbitration agreement, the party seeking to avoid arbitration must specifically challenge the enforceability of the delegation provision itself to justify judicial intervention. The federal courts may not consider challenges that are not specific to the delegation provision. *Id*. at 2779. In other words, unless this Court were to find that the parties' specific delegation to the arbitrator of issues such as the validity of the Arbitration

*(footnote continued to next page)*

having proved that fact at a hearing, they nonetheless are not entitled to an order from this Court striking their class-action waivers. That is because their arguments, if reached, fail on the merits.

As an initial matter, while the Arbitration Plaintiffs ask this Court to strike their class-action waivers wholesale, they lack standing to seek wholesale relief. In light of the arbitrator's award, at best the Arbitration Plaintiffs have standing to challenge the waiver only as it pertains to the specific Massachusetts statutory claims on which two of them prevailed, improper note-deduction and late-payment claims. The Arbitration Plaintiffs lack standing to challenge the waiver as it pertains to the myriad of contract and c.93A claims they have pursued, any other State's wage act claims, or even the various flavors of Massachusetts wage and hour issues they have asserted, because the Arbitration Plaintiffs either lack standing to bring those claims or have lost on the merits.

Even when limited to the narrow statutory claims on which two of the Arbitration Plaintiffs prevailed, the class-action waivers should be enforced. As the First Circuit recognized in *Kristian v. Comcast Corp.*, 446 F.3d 25 (1st Cir. 2006), the majority of the federal appellate courts enforce such waivers. *See id.* at 55. *Kristian* questions the waivers only in instances where the claims are so factually or legally complex that individualized prosecution threatens to undercut statutory enforcement mechanisms that allow class actions. *See Skirchak v. Dynamics Research Corp.*, 508 F.3d 49, 62 (1st Cir. 2007) ("[t]he *Kristian* holding rests on reasoning that the class action waiver constituted a weakening of antitrust law enforcement mechanisms in a manner inconsistent with congressional intent").

---

*(footnote continued from previous page)*
Plaintiffs' class-action waiver was itself "illusory," the Court must leave that question to the arbitrator, as the parties agreed.

The Arbitration Plaintiffs' wage claims are not factually or legally complex. This Court arbitrated the claims of each Arbitration Plaintiff – not just their wage claims, but <u>all</u> of their claims – in less than one full day of hearing per Plaintiff. (Plaintiffs now assert that such cases could be tried in even less time, "ministerially." Renewed Motion at 2 n.3.) Prosecuting similar cases would not require expert testimony or the expenditure of "several million dollars of attorneys' time." *Kristian*, 446 F.3d at 56. Moreover, the Arbitration Plaintiffs' agreements vest the arbitrator with discretion to award attorneys' fees to the prevailing party. As the Third Circuit held in *Johnson v. West Suburban Bank*, 225 F.3d 366, 374 (3rd Cir. 2000), that fact suggests that requiring disgruntled franchisees to arbitrate individually will not "choke off the supply of lawyers willing to pursue claims on [their] behalf…."

*Feeney v. Dell, Inc.*, 454 Mass. 192 (2009), does not require striking the Arbitration Plaintiffs' class-action waivers.[4] *Feeney's* holding rests on the unique history and structure of c.93A, and the integral role that class actions play in c.93A's statutory scheme:

> Our decision is not based on any judgment about the merits of a particular forum for class action adjudication--arbitration or litigation--*but rather on a determination that in the circumstances of a case such as this (small value claims sought under our consumer protection statute, G.L. c. 93A)*, a clause effectively prohibiting class proceedings in any forum violates the public policy of the Commonwealth.

*Feeney*, 454 Mass. at 205-06 (emphasis added). The Arbitration Plaintiffs' wage claims differ from the claims in *Feeney* in two respects. First, c.148, § 150 does not share c.93A's history or its structure, as Plaintiffs themselves have admitted. *See* Plaintiffs' Motion to Strike Arbitration

---

[4] The Superior Court's interlocutory decision in *Marchado v. NECCS, Inc.*, Norfolk Civil Action No. 10-00555, contains no analysis of the arguments presented here, and thus adds little to Plaintiffs' arguments.

Clause as to All Massachusetts Franchisees, 7 (Dkt. No. 303) (noting c.93A's "more detailed provisions for class action certification"). Second, the Arbitration Plaintiffs assert that their cases are not "small value." *See* Dkt. No. 63 (asserting average claim of $45,111 in compensatory damages, before trebling, attorneys' fees and costs). *Cf. Feeney*, 454 Mass. at 204 (claimed damages were $13.65 for one plaintiff and $215.55 for the other). As last year's arbitration proved, the Arbitration Plaintiffs' prospects were sufficiently "large to provide an incentive for lawyers to take on individual cases," Dkt. No. 303 at 5, which Plaintiffs assert is the test for whether the arbitration remedy is "illusory."[5]

### Conclusion

Plaintiffs' renewed motion challenging their arbitration agreements should be denied.

**COVERALL NORTH AMERICA, INC.**

By its attorneys,

 /s/ Michael D. Vhay
Michael D. Vhay (BBO No. 566444)
Matthew J. Iverson (BBO No. 653880)
Paul S. Ham (BBO No. 673193)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000

---

[5] Even if Plaintiffs were correct about *Feeney*'s sweep, they face an additional obstacle to striking their class-action waivers, the Federal Arbitration Act (the "FAA"). While the SJC concluded in *Feeney* that the FAA did not preempt its holding, *see Feeney*, 454 Mass. at 208-09, that conclusion is not binding on this Court. Coverall respectfully submits that the SJC's ruling is inconsistent with First Circuit decisions on this issue. *See, e.g., KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 50-51 (1st Cir. 1999) (FAA preempts Rhode Island franchise statute that rendered unenforceable any provision that restricted jurisdiction to a forum outside Rhode Island, because the statute applied to only one type of provision (venue clauses) in one type of agreement (franchise agreements), and therefore did not "apply to *any* contract," as required under the FAA) (emphasis in original).

Norman M. Leon  
DLA Piper LLP (US)  
203 North LaSalle Street, Suite 1900  
Chicago, IL  60601  
(312) 368-4000  

John F. Dienelt  
DLA Piper LLP (US)  
500 Eighth Street, NW  
Washington, DC  20004  
(202) 799-4000  

Dated:  January 27, 2011

## Certificate of Service

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on mailing time and provide for a uniform period regardless of the use of the mails.

/s/ Michael D. Vhay_____
