```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| PIUS AWUAH, DENISSE PINEDA, JAI PREM, RICHARD BARRIENTOS, ANTHONY GRAFFEO, MANUEL DASILVA ALDIVAR BRANDAO, BENECIRA CAVALCANTE, and GERALDO CORREIA<br><br>        Plaintiffs,<br>            v.<br><br>COVERALL NORTH AMERICA, INC.<br><br>        Defendant. | CIVIL ACTION<br>07-10287-WGY |

## MEMORANDUM AND ORDER

YOUNG, D.J.                                              June 15, 2011

## I. INTRODUCTION

At a waypoint in this long and circuitous litigation, this motion for attorneys' fees comes before this Court.

The plaintiffs, franchisees of Coverall North America, Inc. ("Coverall"), brought suit against Coverall under the Massachusetts Independent Contractor Statute, Mass. Gen. L. ch. 149, § 148B, alleging that Coverall improperly classified them as independent contractors. The action was initially brought as a putative class action, but the Court denied class certification without prejudice to possible later certification. See Order, Feb. 11, 2010, ECF No. 227. Proceeding with the case before it, this Court held that under the Independent Contractor Statute,

the named franchisees had been misclassified as independent contractors and were, as matter of law, employees of Coverall. See Awuah v. Coverall N. Am., Inc., 707 F. Supp. 2d 80, 85 (D. Mass. 2010). The Court then tried the claims of plaintiffs Aldivar Brandao, Benecira Cavalcante, and Geraldo Correia as an exemplar case; Jai Prem settled his case with Coverall.

Pius Awuah ("Awuah"), Denisse Pineda ("Pineda"), Richard Barrientos, and Manuel DaSilva ("DaSilva") proceeded to arbitration before me. Acting as arbitrator, I awarded damages to Awuah and DaSilva. See Award, ECF No. 350. Awuah and DaSilva now move for attorney's fees for the summary judgment briefing on the classification issue, the challenge to the validity of the arbitration clause, and for the work done during the actual arbitration hearing. See Pls.' Mot. Att'ys' Fees and Costs 3, ECF No. 352 ("Pls.' Mot.").

**II. ANALYSIS**

   **A.  The Arbitration Proceeding**

I am in a unique position here, having served as both arbitrator and judge, and this warrants a brief explanation.

The franchise contracts of four of the named plaintiffs contain an arbitration clause, and the question whether these plaintiffs could be compelled against their will to arbitrate their claims has involved an undue amount of time and an instructive but not conclusive side trip to the First Circuit.

See Awuah v. Coverall N. Am., Inc., 554 F.3d 7 (1st Cir. 2009). In an attempt to get to the merits and avoid further delay, I offered to serve as arbitrator to address the four claims subject to the arbitration clause so as to take advantage of my familiarity with the case. The parties accepted this arrangement. See Clerk's Notes, Sept. 23, 2010. The Court explained (rather obliquely) that it was limiting the arbitration hearing to issues under the contract and the issue of employee misclassification while leaving other issues for judicial resolution.

I issued my arbitration award on December 15, 2010: Richard Barrientos failed to prove his claim and was denied any recovery. Award ¶ 1. Denisse Pineda proved she had been misclassified under New Jersey law, but she suffered no damages. Id. ¶ 2. Awuah was awarded $1,586.55 in damages, and DaSilva was awarded $5,750.94.[1] Id. ¶ 3.

At one point during the arbitration hearing, acting as arbitrator, I made the somewhat offhand remark that "neither party is entitled to attorneys' fees." Hearing Tr. vol. 8, 80:22-23, Nov. 10, 2010, ECF No. 356-2. Coverall argues that this statement is a final ruling regarding what was due to Awuah

---

[1] All damages incurred after the Supreme Judicial Court's December 12, 2006 ruling in Coverall N. Am., Inc. v. Comm'r of the Div. Of Unemployment Asst., 447 Mass. 852 (2006), were trebled. Award ¶ 3.

3

and DaSilva. See Coverall's Opp'n Pls.' Mot. Att'ys' Fees 2-3, ECF No. 356 ("Coverall Opp'n"). In essence, it argues that because "arbitrators are not required to make formal 'findings of fact' to accompany the awards they issue," Raytheon Co. v. Automated Bus. Sys., Inc., 882 F.2d 6, 8 (1st Cir. 1989), the total amount of damages assessed by the arbitrator was the final amount that could be recovered by the plaintiffs and foreclosed the potential for any future recovery. Thus, Coverall argues that for attorneys' fees to be granted, the arbitrator's award must be vacated. See Coverall Opp'n 5.

Coverall misinterprets the arbitration record. As Coverall acknowledges, the arbitrator does not need to explain the factual basis for his ruling. See Raytheon, 882 F.2d at 8 ("Indeed, '[a]rbitrators have no obligation . . . to give their reasons for an award at all.'" (quoting United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960))). Here, given my unique position as both arbitrator and judge, I know exactly what I was doing and have no hesitancy in explaining myself. Barrientos lost in arbitration. If Coverall wants attorneys' fees with respect to Barrientos's portion of the case, its claim depends on the arbitration clause, and he will no doubt make all the arguments in opposition to that claim that Coverall is making here. Pineda prevailed on liability but lost by failing to prove any damages. As arbitrator, I carefully denied

attorneys' fees to either party. Awuah and DaSilva prevailed. As arbitrator, I was silent on attorneys' fees; the arbitration award likewise made no mention of attorneys' fees as to them. See Award.

Such silence was not a ruling against attorneys' fees for Awuah and DaSilva. This Court, acting as a court, outlined the arbitration procedures, and placed limits on what the hearing would address, specifically limiting the issues to employment misclassification and contract. All other issues - including that of statutory entitlement to attorneys' fees now raised by Awuah and DaSilva - were reserved for judicial proceedings. On January 31, 2011, this Court specifically welcomed such a motion for attorneys' fees. Clerk's Notes, Jan. 31, 2011.

**B. Attorney's Fees**

The decision whether to award attorneys' fees is a two-step process. This Court must first determine if fees are warranted, and, if they are, the Court must determine the amount of fees appropriate.

1. **Entitlement to Attorneys' Fees**

Awuah and DaSilva move for attorney's fees under Massachusetts General Laws chapter 149, section 150. This statute provides in pertinent part: "An employee . . . who prevails in [an action for a violation of Massachusetts General Laws chapter 149, section 148B,] shall be awarded . . . the costs

5

of the litigation and reasonable attorneys' fees." Mass. Gen. Laws c. 149, § 150 (emphasis added). This statute makes mandatory the award of fees to a prevailing plaintiff. See Killeen v. Westban Hotel Venture, LP, 69 Mass. App. Ct. 784, 790 (2007).

As arbitrator, I awarded Pius Awuah $1,586.55 and Manuel DaSilva $5,750.94. Award ¶ 3. "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Farrar v. Hobby, 506 U.S. 103, 113 (1992). Thus, both Awuah and DaSilva are prevailing parties entitled to attorneys' fees. See Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) (stating that a prevailing party is one that "achieve[d] a material alteration of the legal relationship" between the parties).

### 2. Calculation of Attorneys' Fees

The lodestar approach is the proper method to calculate attorneys' fees. Marrotta v. Suffolk Cnty., 726 F. Supp. 2d 1, 4 (D. Mass. 2010). To calculate the appropriate fee amount, this Court must determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433

(1983)) (internal quotation marks omitted). The party seeking an award of attorneys' fees bears the burden of establishing and documenting the hours expended and the hourly rates charged. Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008).

Here, Attorneys Shannon Liss-Riordan, Hillary Schwab, Harry Litchen, and their associates move for attorneys' fees in the amount of $127,760.50. Pls.' Mot. 2. Specifically, they seek compensation for all time spent working on the motion for summary judgment regarding employment classification, 25% of the time worked on the motion for summary judgment regarding damages, 50% of the time worked on the plaintiffs' challenge to the arbitration clause, and 75% of the time worked on Awuah and DaSilva's claims during the arbitration hearing. Id. at 3.

The arbitration hearing at which Awuah and DaSilva prevailed was something of a sideshow to this much larger litigation. Although the arbitration award was a final judgment with respect to the four affected plaintiffs, other plaintiffs' claims are still outstanding.[2] The validity of the arbitration clause has not been finally resolved, so the attorneys' fees sought with respect to the challenge to the arbitration clause are premature.

---

[2] The case is currently administratively closed while this Court awaits answers to questions it certified to the Supreme Judicial Court of Massachusetts. See Order of Certification, ECF No. 347.

See Order, Jan. 31, 2011 (denying as moot pending other proceedings a renewed motion challenging the arbitration clause). Similarly, this Court's rulings on the motion for summary judgment on section 148B misclassification and the motion for summary judgment as to damages did not constitute a final judgment, so an award for attorneys' fees with regard to those issues is presently inappropriate. See Conservation Law Found., Inc. v. Patrick, No. 06-11295, 2011 WL 758844, *3 (D. Mass. Mar. 4, 2011) ("An award of attorneys' fees during the pendency of litigation is the 'exception rather than the rule.'" (quoting Greenfield Mills, Inc. v. Carter, 569 F. Supp. 2d 737, 744 (N.D. Ind. 2008))). Thus, this Court awards only fees for the time Awuah and DaSilva's attorneys spent working on the arbitration proceedings.

### a. Reasonable Hours Expended

As stated, plaintiffs bear the burden of proving reasonable attorneys' fees. With this burden comes an obligation to provide an accurate representation of the hours worked. See Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984). A contemporaneous record of the hours worked is the best way for this Court to make an accurate calculation of the hours expended on the matter. See id.

Here, Attorney Liss-Riordan has not kept contemporaneous records of the hours worked on this case. See Pls.' Mot. 4 n.5

8

("Plaintiffs note that their lead counsel, Shannon Liss-Riordan, has not kept consistent billing records in the last several years."). Normally, "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Conservation Law Found., Inc., 2011 WL 758844, at *6 (quoting Grendel's Den, 749 F.2d at 952) (internal quotation marks omitted). This standard is not to be applied blindly, however; in situations where fairness dictates another course, this Court may follow it. See Grendel's Den, 749 F.2d at 952.

This Court has a unique vantage point from which it has observed this case and possesses "intimate knowledge of the nuances of the underlying case." Rossello-Gonzalez v. Acevedo-Vila, 483 F.3d 1, 6 (1st Cir. 2007) (quoting Gay Officers Action League, 247 F.3d at 292) (internal quotation marks omitted). Because this Court has seen the work done by Attorney Liss-Riordan, it does not substantially reduce the award to which she is entitled.

Instead, this Court awards fees for actual time spent arguing the arbitration proceeding plus thirty-three percent for preparation.[3] In calculating the amount of time Attorney Liss-

---

[3] In a routine case, limiting preparation time to one-third of trial time would seem unduly restrictive. Here, it is not. The arbitration proceedings involved four claimants similarly situated in virtually all respects to the three plaintiffs whose case have already been fully tried before a jury. Thus, much

Riordan spent at the arbitration hearing, the Court need not scrutinize the post hoc calculation of hours she has reconstructed. See Pls.' Mot., Ex. 1, ECF No. 352-3. Instead, the Court looks to the contemporaneous time log of Attorney Hillary Schwab, which reflects the actual time the two attorneys spent in the courtroom during the arbitration proceedings. See id. At all times during the arbitration proceeding both Attorney Liss-Riordan and Attorney Schwab were present in the courtroom. Accordingly, Attorney Schwab's time log can be used in place of a contemporaneous record of the time Attorney Liss-Riordan worked during the arbitration proceedings.

Examining the time log submitted, Attorney Schwab recorded six entries that included attending the arbitration hearing; these entries encompass a total of 38.9 hours. Id. at 4-5. Some of these billing entries, however, were block-billed with other tasks such as organizing exhibits. See, e.g., id. at 5 (October 27, 2010 entry). It is the practice of this Court to reduce block-billed entries by twenty percent. See Conservation Law Found., 2011 WL 758844, at *7; see also Torres-Rivera, 524 F.3d at 339-40. Applying this reduction to the block-billed entries,[4]

---

less preparation was required for the arbitration hearing than would normally be the case.

[4] The Court applies this reduction to the hours claimed in the following entries: October 6, 2010, October 7, 2010, October 21, 2010, October 27, 2010, and November 10, 2010.

the number of recoverable hours is reduced by 5.96 hours. Accordingly, the total time that Attorney Schwab may properly be compensated for is 32.94 hours. Throughout the arbitration hearing, Attorneys Liss-Riordan and Schwab were present together, so they are each entitled to compensation for 32.94 hours for the time spent appearing at the arbitration. This Court, in its discretion, adds an additional 33%, or 10.87 hours, to compensate for preparation for the arbitration hearing. Thus, each attorney will be compensated for a total of 43.81 recoverable hours.

Additionally, Attorney Brant Casavant has submitted a time log recording 52.3 hours worked preparing for and attending the arbitration. See Pls.' Mot., Ex. 1, at 4-5. Many of Attorney Casavant's entries, however, are redundant of the work done by Attorney Schwab and also include time spent attending the arbitration, in which he took no active part and for which the Court will not compensate him. This Court therefore will award fees for 33% of the hours Attorney Casavant has recorded, for a total of 17.26 compensable hours. This reduction takes account of the duplicative work, the non-compensable work, and the Court's normal reduction for block-billing.

### b. Reasonable Hourly Rate

This Court determines a reasonable hourly rate based on the "prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the

attorneys involved)." Gay Officers Action League, 247 F.3d at 295. In unrelated, but similar, litigation, this Court has already addressed the reasonable hourly rates for these attorneys. See DiFiore v. American Airlines, Inc., No. 07-10070, 2010 WL 623635 (D. Mass., Feb. 10, 2010), rev'd on other grounds, 2011 WL 1902148 (1st Cir. 2011). In DiFiore, the Court determined that Attorney Liss-Riordan was entitled to $400 per hour; Attorney Schwab to $300 per hour, and associates to an average of $200 per hour. Id. at *5.

Nothing in the record submitted by Awuah and DaSilva gives this Court reason to depart from its previous calculations. Of especial note, both Attorneys Liss-Riordan and Schwab continue to have special expertise in employment law. Cf. id. at *5. Accordingly, this Court follows its previous reasoning and awards Attorney Liss-Riordan $400 per hour, Attorney Schwab $300 hour, and Attorney Casavant $200 per hour.

Applying these hourly rates to the above-determined reasonable hours expended, the Court concludes that Attorney Liss-Riordan ought be compensated $17,524.00, Attorney Schwab $13,143.00, and Attorney Casavant $3,452.00, for a total award of $34,119.00 in attorneys' fees.

**B. Costs**

Awuah and DaSilva claim a total of $3,362.12 in costs: $575.10 for copies of the official transcript of the arbitration

proceeding and $2,787.02 for the organization of exhibits by Ikon Office Solutions.  See Pls.' Mot., Ex. 2, ECF No. 352-4.  Awuah and DaSilva have provided the Court with adequate documentation to recover such costs.  See id.  Thus, this Court awards Awuah $3,362.12 for the costs of the arbitration proceeding.

### III. CONCLUSION

The Court rules that Awuah and DaSilva are prevailing parties entitled to recover attorneys' fees and costs under Massachusetts General Laws chapter 149, section 150.  Coverall shall compensate Awuah and DaSilva in the amount of $34,119.00 for reasonable attorneys' fees and $3,362.12 for the costs of the arbitration hearing.[5]

**SO ORDERED.**

 /s/ William G. Young  
William G. Young  
District Judge

---

[5] It is appropriate to make this award at this juncture because the arbitration proceeding was a discrete portion of this case.  No final judgment shall enter until the conclusion of the entire case.

13