**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                        )
PIUS AWUAH, et al., and all others    )
similarly situated,                              )         Civil Action No.
                                                        )         07-10287-WGY
                          Plaintiffs,         )
                                                        )
             v.                                     )
                                                        )
COVERALL NORTH AMERICA, INC.,  )
                                                        )
                          Defendant.       )
_____ )

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF PRIOR RULINGS
IN LIGHT OF THE MASSACHUSETTS SUPREME JUDICIAL COURT'S
DECISION ON CERTIFIED QUESTIONS**

On August 31, 2011, the Massachusetts Supreme Judicial Court issued its decision on certified questions that had been submitted to it by this Court relating to the damages available for violations of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B. The SJC affirmed this Court's decision as to each of the four questions submitted—specifically, it confirmed that an employer may not "use a system of customer accounts receivable financing to pay its employee at the time the customer pays the employer for the employee's work rather than when the work is performed" and that an employer and employee may not "agree that the employee will pay the costs of workers' compensation and other work-related insurance coverage." Awuah et al. v. Coverall North America, Inc., 460 Mass. 484, 485 (2011). The SJC went on to hold that ***all*** of Coverall's deductions for insurance, including workers' compensation, FOJ insurance, janitorial bonding, and comprehensive liability insurance, were improper under the Wage Act.

The SJC also responded to this Court's "invitation to provide additional guidance" and held that Coverall's initial franchise fees and additional business fees violate the Wage Act. The SJC explained that these fees "operate to require employees to buy their jobs from employers, and in that respect . . . they violate public policy." Id. at 485, 497-98.

In light of the SJC's holding that Coverall's franchise fees, additional business fees, all insurance deductions, and chargebacks are violations of the Massachusetts Wage Act, Plaintiffs request this Court's reconsideration of certain prior rulings that were made without the benefit of this decision by the SJC. First, Plaintiffs move for reconsideration of the Court's ruling prohibiting Plaintiffs Benecira Cavalcante and Geraldo Correia from recovering for wage law violations. This Court held that Plaintiffs Cavalcante and Correia could not pursue wage law damages because they had not articulated the damages they were seeking for wage law violations. However, as discussed in more detail below, pursuant to this Court's order, those plaintiffs did explain to Coverall the amounts they sought in franchise fees, additional business fees, insurance deductions and chargebacks, all categories of damages that the SJC has now held to be recoverable under the Wage Act. Moreover, any argument Coverall may have had about Cavalcante and Correia having signed releases is now wholly invalid because the only consideration that Coverall gave for those releases was the forgiveness of fees that the SJC has now declared are illegal.

Second, Plaintiffs seek reconsideration of the Court's award of damages to Plaintiffs Pius Awuah and Manuel Da Silva as arbitrator and request that the Court

amend that award to include franchise fees, additional business fees, and insurance deductions paid by those plaintiffs.

## ARGUMENT

### I. PLAINTIFFS CAVALCANTE AND CORREIA SEEK LIMITED ADJUDICATION OF THEIR WAGE CLAIMS.

Plaintiffs Cavalcante and Correia seek limited reconsideration of the Court's ruling that they could not seek damages for their wage claims. Specifically, they request the opportunity to have their wage claims adjudicated as to those categories of damages that they identified as damages that they were seeking pursuant to the Court's order of April 12, 2010 and that the SJC has now ruled are recoverable under the Wage Act, namely franchise fees, promissory note payments, additional business fees, and deductions for insurance. It is appropriate for Plaintiffs Cavalcante and Correia to be permitted to pursue those claims because the Court's order barring them from pursuing wage damages was premised on them not having provided calculations of wage damages. However, they did provide calculations as to these fees and deductions, and, therefore, they should be allowed to pursue recovery of those categories of damages.

For several reasons, the releases that Cavalcante and Correia unknowingly signed with Coverall should not affect their ability to recover wage damages. First, Massachusetts law is very strict that employees may not waive their rights under the wage laws. Specifically, "[n]o person shall by a special contract with an employee or by any other means exempt himself from" the requirements of Chapter 149, which governs payment of wages generally. Mass. Gen. L. c. 149 § 148. This "provision is unconditional; it sets forth no circumstance in which such a waiver would be lawful." Dobin v. CIOview Corp., 16 Mass. L. Rptr. 785, 2003 WL 22454602, at *5 (Mass. Super.

Oct. 29, 2003); cf. DiFiore et al. v. American Airlines, Inc., 454 Mass. 486, 496-97 (2009) (noting that legislature explicitly prohibited companies from seeking to avoid compliance with Massachusetts Tips Statute through "special contracts or other means"). Moreover, "it is plain that the Legislature intended to bar any contract between an employer and employee that denied the employee the prompt payment of wages guaranteed by the Wage Act." Id.

Correia signed his release in 2002, and Cavalcante signed releases in 2003 and 2005. There can be no question that these releases cannot apply to deny them their rights under the wage laws for the time period after they signed those releases. Moreover, as to the pre-release time period, those releases are invalid because they operated to allow Coverall to "exempt itself" from the Massachusetts wage laws, in violation of Mass. Gen. L. c. 149 § 148. In a case directly on point, Crocker v. Townsend Oil Company, the Massachusetts Superior Court held that a release obtained from a worker who has been misclassified as an independent contractor and who signed the release under the mistaken impression that he was an independent contractor, without the knowledge that he was actually an employee under Mass. Gen. L. c. 149 § 148B, cannot be used to release his wage law claims. 27 Mass. L. Rptr. 533, 2010 WL 5573707 (Mass. Super. 2010). The court explained: "Because of the alleged misclassification, the plaintiffs could not have released an acknowledged wage claim; they were not aware of any rights they may have been entitled to." Id. at *4. Accordingly, the court concluded: "The clear legislative purpose of G.L. c. 149, § 148 was to prevent employers from inducing their employees to surrender the protections they are provided under the Wage Act. To allow employers to induce employees to

4

waive their Wage Act protections by possibly misclassifying them as independent contractors is contrary to the purpose of the Wage Act." Id. at *5.

Moreover, the SJC's recent decision highlights the invalidity of the releases signed by Cavalcante and Correia.  The purported consideration for these releases was forgiveness of promissory notes for franchise fees and reimbursement of transfer fees paid by them.  However, under the SJC's decision, those franchise and transfer fees are unlawful because they "operate to require employees to buy their jobs from employers, and in that respect . . . they violate public policy." Awuah, 460 Mass. at 485, 497-98. Accordingly, the forgiveness of these unlawful fees cannot be valid consideration for the releases, and the releases should be invalidated in full.

II.     **PLAINTIFFS PIUS AWUAH AND MANUEL DA SILVA SEEK RECONSIDERATION OF THE RULING ON THEIR WAGE CLAIMS.**

This Court, serving as arbitrator, heard the claims of Plaintiffs Pius Awuah and Manuel Da Silva without the benefit of the Massachusetts SJC's recent decision as to the damages recoverable for Coverall's violation of § 148B.  Under the SJC's ruling, those plaintiffs are plainly entitled to recover their franchise fees, additional business fees, and all insurance deductions.  Accordingly, Plaintiffs request that the Court amend its arbitration award as to these plaintiffs to include those damages.[1]

---

[1]     Plaintiffs also bring to this Court's attention one other matter.  On February 11, 2011, this Court granted summary judgment to Coverall as to the plaintiffs who had purchased their franchises through a "master" franchisor, instead of from Coverall itself.  In another case involving purported cleaning franchises, Depianti et al. v. Jan-Pro Franchising International, Inc., the Honorable Mark L. Wolf has recently stated that he will certify to the Massachusetts Supreme Judicial Court the precise question of whether or not (and in what circumstances) the parent company may be held liable for wage violations in a case such as this when there is an intermediary master franchisor.  D. Mass. Civil Action No. 08-10663-MLW, Docket No. 123.  If the SJC decides that a parent cleaning franchise company may be liable in such a case, then Plaintiffs intend to move for reconsideration of this Court's summary judgment decision on that issue in this case.

## CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court reconsider the damages for the wage claims of Plaintiffs Cavalcante, Correia, Awuah, and Da Silva and order that those plaintiffs are entitled to recover for all of Coverall's fees and deductions that the SJC has ruled to be unlawful.

>Respectfully submitted,
>
>PIUS AWUAH, et al., and all others similarly situated,
>
>By their attorneys,
>
>__/s/  Hillary Schwab_____
>Shannon Liss-Riordan, BBO #640716
>Hillary Schwab, BBO #666029
>LICHTEN & LISS-RIORDAN, P.C.
>100 Cambridge Street, 20th Floor
>Boston, MA 02114
>(617) 994-5800

Dated: October 18, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2011, a copy of this document was served by electronic filing on all counsel of record.

>__/s/  Hillary Schwab_____
>Hillary Schwab, Esq.