UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIUS AWUAH, et al.,<br><br>        Plaintiffs,<br><br>     v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>        Defendant. | Civil Action No. 07-10287 |

**COVERALL NORTH AMERICA, INC.'S RESPONSE TO
PLAINTIFFS' MARCH 2, 2012 NOTICE OF SUPPLEMENTAL AUTHORITY**

There is nothing in *Rhodes v. AIG Domestic Claims, Inc.*, SJC-10911 (Feb. 10, 2012) (attached as Exhibit 1 to Plaintiffs' March 2, 2012 Notice of Supplemental Authority) that bears on whether Coverall should be liable, under the Wage Act, for the gross amount of "chargebacks" that Coverall voluntarily repaid long ago.  If anything, *Rhodes* supports the Court's reasoning, in its September 2010 decision, that plaintiffs <u>may</u> <u>not</u> <u>recover</u> the gross amount of chargebacks.

*Rhodes* concerns an insurance company's liability under M.G.L. c.93A for failing (in further violation of c.176D, § 3(9)(f)) "to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear."  Both *Rhodes* and the case upon which *Rhodes* relies most heavily, *R.W. Granger & Sons, Inc. v. J & S Insulation, Inc.*, 435 Mass. 66 (2001), discuss a specific 1989 amendment to c.93A.  That amendment overturned decisions under c.93A in which courts had held that plaintiffs who are the victims of insurance companies' failures to effectuate settlement – even those plaintiffs who have taken a case to judgment against the insurance company's insured – are entitled to recover only "loss of use" damages if the insurance company eventually settles the claim.  *See Rhodes*, pages 7-8; *Granger*, 435 Mass.

at 80-84.  The 1989 amendment made insurance companies that violate cc.93A and 176D liable for the "amount of the judgment on all claims…regardless of…insurance coverage available in payment of the claim…."

The contrast with the Wage Act could not be sharper.  The Wage Act allows private plaintiffs to recover "damages incurred."  The Wage Act does not include any special measure of damages, let alone the specific measurement of damages that the Legislature inserted into c.93A in 1989.

That should end Plaintiffs' argument there.  Yet *Rhodes* and *Granger* support Coverall's view of the proper measure of damages.  Both decisions state that in all cases except those in which the plaintiff obtains a judgment before the insurance company settles the claim, the plaintiff still is limited to recovering "loss of use" damages.  *See Granger*, 435 Mass. at 82 (loss of use measure remains applicable to cases "in which no judgment has entered"); *Rhodes*, page 13 n.19 (same).

If *Rhodes* and *Granger* apply at all to the class's claims, those cases support the Court's September 2010 decision not to award the gross amount of chargebacks.  It is undisputed that Coverall repaid the vast majority of chargebacks within 30 days, without any member of the class having to get a judgment first.  For chargebacks that Coverall repaid prior to judgment (or even summary judgment), class members should be entitled only to "loss of use" damages (as the Court previously determined, five weeks of interest) -- a measure that *Rhodes*  and *Granger* approve in those instances where, like here, amounts have been paid voluntarily prior to any judgment.

## Conclusion

This Court should enter summary judgment in favor of Coverall on the class's claims for the "gross" amount of chargebacks.

**COVERALL NORTH AMERICA, INC.,**

By its attorneys,

/s/  Michael D. Vhay_____
Michael D. Vhay (BBO No. 566444)
*michael.vhay@dlapiper.com*
Matthew J. Iverson (BBO No. 653880)
*matthew.iverson@dlapiper.com*
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000 (*telephone*)

Norman M. Leon
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
(312) 368-4000 (*telephone*)

John F. Dienelt
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC  20004
(202) 861-3900 (*telephone*)

Dated: March 5, 2012

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants this same day.

 /s/  Michael D. Vhay_____