UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIUS AWUAH, DENISSE PINEDA, JAI PREM, ALDIVAR BRANDAO, RICHARD BARRIENTOS, NILTON DOS SANTOS, GERARDO CORREIA, BENECIRA CAVALCANTE, PHILLIP BEITZ, MARIAN LEWIS, STANLEY STEWARD, ANTHONY GRAFFEO, MANIEL DASILVA, <br><br> Plaintiffs, <br><br> v. <br><br> COVERALL NORTH AMERICA, INC. <br><br> Defendant. | CIVIL ACTION <br> NO. 07-10287-WGY |

ORDER

YOUNG, D.J.                                         March 15, 2012

    After hearings and upon review and consideration of the pleadings, the Court reconsidered some of its prior rulings, and now rules on the following motions in this case.

    Coverall North America Inc.'s ("Coverall") motion for leave to take discovery and file an expert report, ECF No. 406, is DENIED.

    Coverall North America Inc.'s motion for partial summary judgment, ECF No. 406, is ALLOWED in part and DENIED in part. The motion is allowed for purchases of supplies and equipment by the class members. The contractual limitation period, two years, does not govern the Wage Act claims. The other theories of

liability raised in this case are governed by the contractual two year limitation period. Thus, the only viable claim is the Wage Act claim; the plaintiffs get no additional relief based on other theories of liability.

The motion is denied with respect to workers who worked in New Hampshire; the Janitorial Franchise Agreements were signed in Massachusetts and the parties - the employer and the employees - are in Massachusetts. The motion for summary judgment is denied with respect to the class members who filed for bankruptcy. The motion for summary judgment is also denied with respect to the class members who had partners or employees, or who gained money for selling their franchise agreement, because these arrangements cannot reduce Coverall's liability as matter of law.

The motion for partial summary judgment with respect to class members who signed releases is allowed in part and denied in part. The motion is allowed with respect to the releases that were executed in the ordinary course of business prior to the August 31, 2011 ruling of the Massachusetts Supreme Judicial Court in <u>Awuah</u> v. <u>Coverall North America, Inc.</u>, 460 Mass. 484 (2011). These releases are valid. Further, the motion for summary judgment with respect to class members who signed releases is denied as to any releases that took place after the ruling of the Massachusetts Supreme Judicial Court. The Court holds that the <u>Daynard</u> case is distinguishable from this case.

2

The Plaintiffs' motion for summary judgment on damages, ECF No. 413, is ALLOWED in part and DENIED in part. The motion is allowed as to the total amount of the initial franchise fees and additional business fees paid by the class members, as well recovering the insurance deductions. These fees are unlawful and can be recovered as provided by the Massachusetts Supreme Judicial Court in Awuah, 460 Mass. 484. Coverall may, however, set off the cost of the initial supplies and equipment (the starter-kit) supplied to the class members. The class members may recover the unreimbursed chargebacks and the interest on the late payments on the reimbursed chargebacks. Further, Coverall has no liability to the class members after June 2010.

The Plaintiffs are entitled to five weeks of interest on late payments at twelve (12) percent per annum. Damages shall be trebled from December 12, 2006. The additional fifteen members added to the class on February 10, 2012, are not a part of this order and the Court expresses no opinion as to them, Coverall having taken an appeal challenging the propriety of adding them to the class. Notice Appeal, ECF No. 450.

The Plaintiffs' motion for summary judgment on Prong Three, ECF No. 415, is DENIED as moot.

Coverall's motion for leave to take additional discovery pursuant to Rule 56(d), ECF No. 425, is DENIED.

Except for the fifteen additional class members and the class members who signed releases following August 31, 2011 (as to these class members, if any, factual issues remain as to the validity of the releases), all factual and legal issues have been adjudicated and the parties shall, within thirty days of the date of this order, submit proposed forms of judgment detailing the recovery <u>vel non</u> of each class member.

SO ORDERED.

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE