**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                        )
PIUS AWUAH, et al., and all others      )
similarly situated,                                )   Civil Action No.
                                                        )   07-10287-WGY
                  Plaintiffs,            )
                                                        )
               v.                              )
                                                        )
COVERALL NORTH AMERICA, INC.,  )
                                                        )
                  Defendant.           )
_____ )

**PLAINTIFFS' NOTICE TO COURT REGARDING COVERALL'S**
**ONGOING OBSTRUCTION OF AAA ARBITRATIONS**

      Pursuant to the Court's oral order at the hearing held yesterday, July 11, 2012, Plaintiffs now notify the Court of Coverall's continued obstruction of arbitration cases filed at the AAA. Today, Plaintiffs' counsel forwarded to the AAA administrator a transcript of yesterday's hearing, in which counsel informed the AAA that this Court had ordered that all cases for which arbitration agreements have been produced should go forward without further delay. See Exhibit 1 (e-mail from Shannon Liss-Riordan to AAA); Exhibit 2 (transcript of hearing of July 11, 2012). Coverall responded immediately to the e-mail by stating that "[t]hat is not what the court said" and opposing the lifting of the stay that the AAA has granted for 10 of the pending cases.[1] See Exhibit 3 (e-mail from Norman Leon to AAA).

---

[1] On June 15, 2012, at Coverall's urging, the AAA stayed 10 arbitration cases. See Exhibit 4 (letter from AAA) and Exhibit 5 (list of stayed cases). Following the Court's order of June 27, 2012, denying Coverall's Motion to Stay Arbitrations, Plaintiffs' counsel informed the AAA of that ruling, and the AAA was prepared to move forward with those cases. See Exhibit 1 to Plaintiffs' Supplement to Their Motion to Expand Class (Doc. 488). Coverall, however, requested an opportunity to comment, which the AAA

Coverall has again made clear it will find every roadblock it can to the arbitrations. Coverall has stated that, even if this Court were to deny a stay of the arbitrations, it may seek a stay of the arbitrations from the First Circuit. See Exhibit 2 to Doc. 488. However, this Court made clear at the hearing yesterday that any requests for delay "must first be presented to the Court so that the Court can decide whether the actions are inconsistent with the intent to arbitrate." See Exhibit 2, at 26. Thus, Coverall's request today that the AAA delay these 10 cases, notwithstanding the Court's order from yesterday, must be presented to this Court.[2] Furthermore, Coverall's actions further confirm that it is not acting consistently with an intent to arbitrate.

Respectfully submitted,

PIUS AWUAH, et al., and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
Claret Vargas, BBO #679565
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Dated: July 12, 2012                    (617) 994-5800

---

allowed. See id. Following Coverall's comments (Exhibit 2 to Doc. 488), the AAA maintained the stay. See Exhibit 6. Through Coverall's e-mail today, it is again asking the AAA to delay administration of arbitration cases, even though the Court yesterday said that for the cases for which agreements to arbitrate are before the AAA, the parties "shall proceed at every step of the arbitration timely in accordance with the directions of the AAA." Exhibit 2, at 26. Thus, Coverall appears to believe it can continue to ask for stays from the AAA, which does not appear to be what the Court intended at the hearing yesterday. Instead, the Court specifically required that requests to delay the arbitration cases must first be presented to the Court. See Exhibit 2, at 26.

[2]     Coverall has not sought a stay from the First Circuit, and indeed it could not do so. The Court of Appeals does not have jurisdiction over an interlocutory appeal from an order compelling arbitration; the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(C), allows an interlocutory appeal from an order "*denying* an application . . . to compel arbitration." Were Coverall to nevertheless attempt such an appeal, it should not obtain a stay of the arbitrations in the interim. There is no reason the arbitrations could not go forward, at the same time as such an appeal.

3

## CERTIFICATE OF SERVICE

    I hereby certify that on July 12, 2012, a copy of this document was served by electronic filing on all counsel of record.

                              /s/ Shannon Liss-Riordan
                              Shannon Liss-Riordan, Esq.