IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PIUS AWUAH,** et al.**,** and all others similarly situated,<br><br>                   Plaintiffs,<br><br>      v.<br><br>**COVERALL NORTH AMERICA, INC.,**<br><br>                   Defendant. | **Case No. 07-10287** |

**COVERALL NORTH AMERICA, INC.'S MOTION FOR RECONSIDERATION OF THIS COURT'S RULING REGARDING FRANCHISE AND ADDITIONAL BUSINESS FEES PAID OUTSIDE THE WAGE ACT'S THREE-YEAR LIMITATIONS PERIOD**

Coverall North America, Inc. ("Coverall"), by its attorneys, moves this Court to reconsider its ruling, made during the February 27, 2012 hearing, that class members were entitled to recover their franchise and additional business fees regardless of when those fees were paid. Reconsideration is warranted based on Plaintiffs' admission that claims for such fees, if paid outside the Wage Act's 3-year limitations period, are untimely.

**Background**

On February 27, 2012, this Court ruled that class members were entitled to franchise fees "whenever paid." Coverall subsequently moved for reconsideration of that ruling [Docket No. 452] on several grounds, including: (i) that there is no basis in this record for tolling the Wage Act's limitations period – even assuming *arguendo* that the period is subject to tolling (*see Gordon v. Millivision Holdings, LLC*, 2005 WL 705110, at *4 (Mass. Super. Jan. 14, 2005) (holding that the Wage Act's limitations period was a statute of repose))[1], (ii) that the SJC's opinion in *Awuah* provides no basis for recovering franchise fees paid outside the statutory

---

[1] That, perhaps, is why this Court originally ruled, during the February 15, 2012 hearing, that Plaintiffs' claims were in fact limited to the Wage Act's three-year limitations. (Transcript of February 15, 2012 Pretrial Conference at pp. 4-5.)

period, and (iii) that those potions of franchise fees or additional business fees that were paid in cash or in kind could not constitute "damages incurred" under the Wage Act because they were not paid to Coverall "out of wages earned from Coverall …." *Awuah v. Coverall N. America, Inc.*, 460 Mass. 484, 498 (2011).

By Electronic Order dated March 12, 2012, this Court denied Coverall's motion. Three days later, the Court issued its Order on the parties' cross-motions for summary judgment, ruling that Plaintiffs' motion was "allowed as to the total amount of the initial franchise fees and additional business fees paid by the class members …." [Docket No. 455, at p.3.] Reconsideration of these rulings is warranted because since these rulings were made, Plaintiffs have conceded, in three different arbitration proceedings, that franchise and additional business fees paid outside the Wage Act's three-year limitations period are untimely.

## Argument

In December of 2011, in the wake of this Court's June 28, 2010 and September 22, 2011 rulings that franchise owners with arbitration agreements would be excluded from any class, Plaintiffs' counsel submitted arbitration demands to the American Arbitration Association ("AAA") on behalf of several claimants. At various times since then, additional demands have been filed on behalf of other claimants. These claimants include Ene Inyang, James Damas, and Reginaldo Miranda, who sought, in their demands, the exact same relief that Plaintiffs have sought in this proceeding – the refund of all fees paid to Coverall, less royalty and management fees – under the same theory advanced in this case. Specifically, each claimant asserted an entitlement to, among other things, "[r]eimbursement for all franchise fees [and] additional business fees" paid by them – the same fees that this Court held could be recovered "whenever

paid." (Copies of these claimants' demands for arbitration are annexed hereto collectively as Exhibit A.)

On July 3, 2012, Coverall emailed Plaintiffs' counsel regarding the claim of Reginaldo Miranda. Coverall's counsel advised Plaintiffs' counsel that Mr. Miranda signed a Franchise Agreement in September 1999 and that "he last performed services in April 2002." (*See* Exhibit B.) By email dated July 17, 2012, Plaintiffs' counsel advised the AAA that "[b]ased on the information provided by Coverall, it appears that Mr. Miranda's claims **would not be timely**, so he is withdrawing his demand [for arbitration]." (*See* Exhibit C; emphasis added.)

On July 19, 2012, Coverall's counsel advised Plaintiffs' counsel that AAA claimant James Damas signed a Franchise Agreement with MM&J Corporation (the master franchise owner that previously owned and operated in this market) in 1993 and that, "according to Coverall's records, he last performed services on October 20, 2003." (*See* Exhibit D.) The next day, Plaintiffs' counsel advised Coverall's counsel that she would "withdraw this claim since based on the information Coverall has provided, **it is untimely**." (*See* Exhibit E; emphasis added.)

Finally, on July 20, 2012, Coverall's counsel emailed Plaintiffs' counsel about the timeliness on the claims of another claimant, Ene Inyang. Coverall's counsel advised that Mr. Inyang's Franchise Agreement "dates from 1991," and that Mr. Inyang "last performed services in October 2003." (*See* Exhibit F.) In response, Plaintiffs' counsel advised the AAA that she would "withdraw his [Mr. Inyang's] claim **as untimely**." (Id.; emphasis added.)

In sum, on at least three different occasions, Plaintiffs' counsel has recognized and conceded the clear effect of the Wage Act's three year limitations period – namely, that claims for franchise fees and additional business fees paid prior to February 15, 2004 are time-barred.

Respectfully, this Court should do the same and reconsider its ruling that Plaintiffs are entitled to all franchise fees and additional business fees paid prior to February 15, 2004.

### Conclusion

For the foregoing reasons, this Court should reconsider its conclusion that Plaintiffs are entitled to recover franchise fees and additional business fees paid outside the three-year limitations period and adhere to the ruling it made on February 15, 2012.

**COVERALL NORTH AMERICA, INC.**

By its attorneys,

/s/ Michael D. Vhay
Michael D. Vhay (BBO No. 566444)
*michael.vhay@dlapiper.com*
Matthew J. Iverson (BBO No. 653880)
*matthew.iverson@dlapiper.com*
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000 (*telephone*)

Norman M. Leon
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
(312) 368-4000 (*telephone*)

Dated:  August 17, 2012

### Certificate of Compliance with LR 7.1

I hereby certify that I conferred with counsel for Plaintiffs in an unsuccessful attempt to resolve the dispute described in this Motion.

/s/ Michael D. Vhay

## Certificate of Service

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on mailing time and provide for a uniform period regardless of the use of the mails.

             /s/ Michael D. Vhay