**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                            )
PIUS AWUAH, et al., and all others          )
similarly situated,                                    )     Civil Action No.
                                                            )     07-10287-WGY
                            Plaintiffs,              )
                                                            )
            v.                                             )
                                                            )
COVERALL NORTH AMERICA, INC.,    )
                                                            )
                            Defendant.            )
_____ )

# PLAINTIFFS' MOTION FOR RECONSIDERATION ON ENFORCEABILITY OF COVERALL'S ARBITRATION CLAUSE IN LIGHT OF THE SUPREME JUDICIAL COURT'S DECISION IN CROCKER V. TOWNSEND OIL CO.[1]

This Court has previously excluded from the certified class in this case those Coverall cleaning workers who had signed arbitration agreements with Coverall. However, under the Supreme Court's recent decision in Crocker v. Townsend Oil Co., Inc., 464 Mass. 1 (2012), Coverall cannot enforce its arbitration clause with respect to the cleaning workers' statutory wage claims. Under the SJC's decision in Crocker, under Massachusetts law, an arbitration clause that does not specifically refer to wage claims may not be enforced so as to release such claims. Coverall's arbitration clause does not reference wage claims. Accordingly, the Court should hold that it is not enforceable as to the wage claims at issue in this case and should expand the class to

---

[1] Plaintiffs have previously moved for expansion of the class based on evidence they presented that the arbitration remedy was illusory. Docket No. 499. On October 3, 2012, this Court denied Plaintiffs' motion, "because the Court does not **now** find the arbitration remedy to be illusory." Docket No. 520 (emphasis added). Plaintiffs do not herein waive their right to continue to press the illusoriness argument.

include those workers who have signed the franchise agreement containing the arbitration clause.[2]

Coverall's arbitration clause is contained in its cleaning franchise agreement that workers typically sign at the start of their employment. The arbitration clause was added to the franchise agreement in 2002. The arbitration clause does not refer to claims brought under the Massachusetts wage laws. Instead, it states that "all controversies, disputes or claims between Coverall, its officers, directors, agents and/or employees (in their respective capacities) and Franchisee (and Franchisee's owners, officers, directors and/or guarantors of this Agreement) arising out of or related to the relationship of the parties, this Agreement, any related agreement between the parties, and/or any specification, standard or operating procedure of Coverall, including those set forth in the Coverall Policy and Procedure Manual . . . shall be submitted promptly for arbitration." Coverall Janitorial Franchise Agreement, 2002, at ¶ 21.A, attached as Exhibit A.[3]

In Crocker, the SJC made clear that broad arbitration clauses that do not specifically reference statutory claims, including discrimination and Wage Act claims, cannot bind workers to submit such statutory discrimination or wage claims to arbitration. Quoting its previous decision in Warfield v. Beth Israel Deaconess Med. Ctr., Inc., which had addressed discrimination claims, the SJC "concluded that 'parties

---

[2] To the extent that the Court determines that an additional class representative who signed the franchise agreement with Coverall's arbitration clause is needed, Plaintiffs propose Carlos Lopez. Mr. Lopez is one of the workers who is currently attempting to pursue his Wage Act claims against Coverall in individual arbitration, and Plaintiffs also proposed him as a class representative in their motion to expand the class because of the illusoriness of the arbitration remedy. See Docket No. 499 (Pls.' Renewed Mot. to Expand Class to Include Workers Who Signed Arb. Agreements) at 2.

[3] The Franchise Agreements for subsequent years similarly lack any reference to wage claims or the Massachusetts Wage Act.

seeking to provide for arbitration of statutory discrimination claims must, at a minimum, state clearly and specifically that such claims are covered by the contract's arbitration clause.'" 464 Mass. at 14 (quoting Warfield, 454 Mass. 390, 400 (2009)).  This is because of the "strong policy against various forms of workplace discrimination." Crocker, 464 Mass. at 14.  The SJC expanded that holding to the context of statutory wage claims in Crocker, concluding:

> [A] settlement or contract termination agreement by an employee that includes a general release, purporting to release all possible existing claims will be enforceable as to the statutorily provided rights and remedies conferred by the Wage Act only if such an agreement is stated in clear and unmistakable terms. In other words, the release must be plainly worded and understandable to the average individual, and it must specifically refer to the rights and claims under the Wage Act that the employee is waiving. Such express language will ensure that employees do not unwittingly waive their rights under the Wage Act.

Id. at 14-15.  Moreover, as with discrimination claims, the SJC observed in in Crocker that "the legislative purpose behind the Wage Act . . . is to provide strong statutory protection for employees and their right to wages."  Id. at 13.

In light of the SJC's recognition of the policy to provide strong protection to workers' wages and its holding that a release may only be enforced as to Massachusetts Wage Act claims if it specifically references such claims, there can be no question that the SJC also intended its holding from Warfield regarding arbitration clauses to extend to Wage Act claims as well.  In other words, "'parties seeking to provide for arbitration of statutory [in Warfield, discrimination; in Crocker, wage] claims must, at a minimum, state clearly and specifically that such claims are covered by the contract's arbitration clause.'"  Crocker, 464 Mass. at 14 (quoting Warfield, 454 Mass. 390, 400 (2009)).  Coverall has failed to refer to wage claims at all in its arbitration

3

clause, much less "state clearly and specifically that such claims are covered by the contract's arbitration clause." Id.  As such, the arbitration clause cannot be enforced with respect to the Wage Act claims of Coverall's cleaning workers in Massachusetts, and the Court should expand the class to include these individuals.[4]

## CONCLUSION

Under the SJC's decision in Crocker, the Court should rule that Coverall's arbitration clause cannot be enforced to apply to Massachusetts Wage Act claims. Thus, the Court should expand the class to include those workers who signed agreements with arbitration clauses.

---

[4] This principle of Massachusetts law is not preempted by the Federal Arbitration Act, since it clearly does not discriminate against arbitration.  See AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011) (striking down California rule banning class arbitration because the rule singled out and discriminated against arbitration agreements, as opposed to other types of contracts).  Indeed, this principle was announced in Crocker, a case that did not even involve arbitration.

Respectfully submitted,

PIUS AWUAH, et al., and all others similarly situated,

By their attorneys,

 /s/ Hillary Schwab
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated: January 11, 2013

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 8, 2013, pursuant to Local Rule 7.1, Plaintiffs' counsel conferred with defense counsel regarding the subject matter of this motion, and we were unable to resolve the matter.

 /s/ Hillary Schwab
Hillary Schwab, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, a copy of this document was served by electronic filing on all counsel of record.

 /s/ Hillary Schwab
Hillary Schwab, Esq.