Case 1:07-cv-10287-WGY   Document 571   Filed 03/13/13   Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

PIUS AWUAH, DENISSE PINEDA, JAI )
PREM, RICHARD BARRIENTOS, )
ANTHONY GRAFFEO, MANUEL DASILVA, )
and all others similarly )
situated, )
)
Plaintiffs, )
)
v. ) CIVIL ACTION
) NO. 07-10287-WGY
COVERALL NORTH AMERICA, INC., )
)
Defendant. )
_____ )

ORDER

YOUNG, D.J.                                    March 13, 2013

The Plaintiffs in this case have filed a motion for reconsideration of the exclusion from the certified class of those cleaning workers who had signed arbitration agreements. Pl.'s Mot. Recons. Enforceability Coverall's Arbitration Clause Light Supreme Judicial Ct.'s Decision Crocker v. Townsend Oil Co. ("Pl.'s Mot."), ECF No. 543. The Plaintiffs point to the recent decision by the Massachusetts Supreme Judicial Court in Crocker v. Townsend Oil Co., 464 Mass. 1 (2012), as grounds for reconsideration. Pls.' Mot. 1-4. The Plaintiffs argue that "an arbitration clause that does not specifically refer to wage claims may not be enforced so as to release such claims." Id. at 1. In essence, the Plaintiffs argue for a special notice

1

requirement before wage claims may be subjected to arbitration agreements.

Having reviewed Crocker, assisted by briefing from both parties, and informed by oral argument, this Court viewed the question as a close call requiring further research and a well-reasoned opinion. The Court, however, must follow the direction of the First Circuit Court of Appeals. The First Circuit in reviewing a previous decision by this Court in this civil case wrote recently:

> We conclude that the district court erred. Massachusetts law, which governs this dispute, does not impose any such special notice requirement upon these commercial contractual provisions. Such a requirement, in any event, would be preempted by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., which requires courts to place such arbitral agreements upon the same footing as other contracts.

Awuah v. Coverall N. Am., Inc., 703 F.3d 36, 39 (1st Cir. 2012). That same month, the Massachusetts Supreme Judicial Court in Crocker, 464 Mass. 1, appeared to recognize that Massachusetts law imposes precisely such a special notice requirement. Id. at 14-15. This Court must follow the suggestion of the First Circuit, though dicta in the case just cited, that any such requirement would be preempted by the FAA. See Awuah, 703 F.3d at 39.

For the foregoing reasons, the motion for reconsideration, ECF No. 543, is DENIED. The parties to this suit have been engaged in active litigation for an extended period of time. The

2

Court has chosen to enter this short order in order to allow them to prepare a form of judgment and proceed further as they wish. A detailed memorandum further detailing this Court's reasoning will follow.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE