**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

PIUS AWUAH, et al.,
and all others similarly situated,

                 Plaintiffs,

       v.

COVERALL NORTH AMERICA, INC.,

                Defendant.

Case No. 1:07-cv-10287-WGY

**PLAINTIFFS' MOTION FOR RECONSIDERATION ON COURT'S ORDER
GRANTING COVERALL'S MOTION FOR SUMMARY JUDGMENT
WITH RESPECT TO THE CLAIMS OF WORKERS WHO PERFORMED WORK
THROUGH A CONTRACT WITH A COVERALL "MASTER FRANCHISEE"**

On February 11, 2010, this Court entered an order granting Coverall's motion for summary judgment with respect to the claims of four plaintiffs in this action. Coverall had moved for summary judgment against these plaintiffs on the ground that their contracts were not with Coverall, but were instead with "master franchisees" of Coverall. See Docket No. 196. Plaintiffs had opposed that motion on the ground that it made no difference whether these workers had contracted through an intermediary "master franchisee" or had instead contracted directly with Coverall. See Docket No. 215. The Court did not issue a written decision with its order granting Coverall's motion, so presumably the Court rested its decision on the arguments made by Coverall.

However, at least with respect to the workers who contracted with a master franchisee in Massachusetts, those arguments have now been rejected by the

Massachusetts Supreme Judicial Court.[1]  In a ruling issued earlier this month, <u>Depianti v. Jan-Pro Franchising International, Inc.</u>, 465 Mass. 607 (2013), the SJC eviscerated the arguments on which Coverall's motion relied.  On practically identical facts to those raised here—in a case where a national "cleaning franchise" company contended that it could not be liable for misclassification of workers with whom it did not contract directly, but instead who performed work through a contract with a "master franchisee" of the national company—the SJC rejected the national company's argument and held that it could be liable for misclassification notwithstanding the fact that it did not have a contract directly with these workers.  In reaching this holding, the SJC referred to <u>DiFiore v. American Airlines</u>, 454 Mass. 486 (2009), where it had held that allowing a larger national corporation to escape liability for a wage law violation based on the fact that a smaller intermediary company contracted directly with the workers would allow an "end run" around the wage laws, which it could not countenance.

Here, as well, Coverall based its motion for summary judgment against dos Santos on the absence of a contract between him and the national company, Coverall. In light of the SJC's recent decision in <u>Jan-Pro</u>, the Court must reconsider its ruling

---

[1]     Nilton dos Santos was a named plaintiff who contracted through a Coverall "master franchisee" in Massachusetts (R&B Services d/b/a "Coverall of Worcester"), and who was dismissed from the case based on the Court's granting of Coverall's summary judgment motion.  In their opposition to Coverall's motion, Plaintiffs explained why the workers who contracted through "master franchisees" in other states as well (California and Texas) should not be dismissed.  Doc. 215.  In light of the SJC's decision in <u>Jan-Pro</u>, the Court should reconsider its dismissal of all of these plaintiffs (or at least allow updated briefing with respect to the claims of workers from California and Texas, as there have been legal developments in the law in this area over the course of the last several years, <u>see</u>, <u>e.g.</u>, <u>Patterson v. Domino's Pizza, LLC</u>, 143 Cal. Rptr. 3d 396 (Cal. App. 2d Dist. 2012), <u>review granted and opinion superseded sub. nom.</u>, <u>Patterson v. Domino's Pizza LLC</u>, 287 P.3d 68 (Cal. 2012); <u>Orozco v Plackis</u>, 11-703 (W.D. Tex. June 13, 2013).

granting this motion and permit the addition to the class of workers who contracted

through this intermediary "master franchisee".[2]


Respectfully Submitted,

PIUS AWUAH, *et al.*

By their attorneys,

 /s/  Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:  June 28, 2013


## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, I served a copy of this motion by electronic filing on all counsel of record in this case.

 /s/  Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.


## CERTIFICATE OF CONFERENCE

I hereby certify that on June 28, 2013, Plaintiffs' counsel conferred via email with Defendant's counsel regarding the subject matter of this motion, and was advised that Defendant's counsel opposed this motion.

 /s/  Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

---

[2]    Plaintiffs are not aware of how many, if any, of those workers are bound by an arbitration clause.

3