# United States Court of Appeals
## For the First Circuit

No. 12-2495

PIUS AWUAH, ET AL.,
and all others similarly situated,

Plaintiffs, Appellees,

v.

COVERALL NORTH AMERICA, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Howard, Selya and Thompson,

Circuit Judges.

Norman M. Leon, with whom Matthew Iverson, DLA Piper LLP (US), Michael D. Vhay and Ferriter Scobbo & Rodophele, PC were on brief for appellant.
Shannon Liss-Riordan with whom Hillary Schwab, Claret Vargas and Lichten & Liss-Riordan, P.C. were on brief for appellees.

August 30, 2013

**HOWARD, Circuit Judge.** Coverall appeals the denial of its motion to reconsider and to stay proceedings pending arbitration. That motion sought relief from the district court's decision to sanction Coverall by admitting to an ongoing class action certain individuals who had been pursuing their claims against Coverall in arbitration. The sanction issued upon the court's determination that Coverall had violated an order requiring it to obtain judicial permission before making any motion to delay or prevent arbitration proceedings. We conclude that this determination was an abuse of discretion. Without this improper determination there was no basis for the sanction, which interfered with the arbitration proceedings, and thus Coverall's motion to stay should have been granted.[1]

## I. Background

This appeal is the latest development in the litigation between Coverall North America, Inc., a franchisor providing cleaning services, and its franchisees, who do the cleaning.[2] The franchisees ("Plaintiffs") sued Coverall in the District of Massachusetts, asserting multiple claims. The district court

---

[1] We need not address the denial of the motion to reconsider the sanction, because the grant of that motion would have produced the same result as the grant of the motion to stay--namely, the continued arbitration of certain claims.

[2] See Awuah v. Coverall N. Am., Inc., 703 F.3d 36, 38 n.1 (1st Cir. 2012), for a collection of the opinions documenting this case's history.

certified a class, excluding those franchisees whose agreements with Coverall contained clauses expressly requiring arbitration under the rules of the American Arbitration Association ("AAA"). Those franchisees ("the AAA Claimants") pursued arbitration.

While arbitration proceedings were underway, the district court issued a ruling that threatened to expand the class. At the request of Coverall, which wanted to research its options to appeal this ruling, the arbitrator imposed a sixty-day stay of the arbitrations of ten of the AAA Claimants ("the Ten Claimants"), who are Appellees in this case.

In July 2012, while this stay was in effect, the district court issued a bench order ("the July Order"), ruling that "[a]ny motion to delay, prevent the actual arbitration of these matters must first be presented to the Court." The July Order did not mention the existing sixty-day stay.

Plaintiffs emailed the arbitrator a copy of the July Order. The email read:

> I've attached a transcript of yesterday's conference in federal court in which the judge made some rulings pertinent to the arbitration cases we have filed. Among other things, the judge ruled that all cases that we have filed, . . . must go forward without any further delay; Claimants therefore request that the AAA proceed with the cases that it has stayed.

In response, Coverall sent the arbitrator the following email:

-3-

> That is not what the court said. . . . The
> court said that the parties shall proceed in
> accordance with the directions of the AAA
> (which we have done) and that further motions
> to delay or prevent the arbitrations must
> first be presented to the court.  Nowhere did
> the court lift the temporary stay that the
> AAA granted to allow Coverall to try [to]
> resolve the various problems associated with
> the court's prior . . . arbitration related
> rulings.

After Coverall sent this email, Plaintiffs filed a "Notice to Court Regarding Coverall's Ongoing Obstruction of AAA Arbitrations."  The notice characterized Coverall's email as a "request for a delay" and argued that, pursuant to the July Order, such a request should have first been presented to the court.

Though Plaintiffs' notice did not request any relief, the district court--concluding that Coverall's email had violated the July Order "by seeking to continue a stay of arbitration for ten arbitration claimants"--sua sponte sanctioned Coverall by admitting to the class the Ten Claimants, relieving them of their obligations to arbitrate.  Thereafter, Coverall filed a motion to reconsider the sanction and, under section 3 of the Federal Arbitration Act ("FAA"),[3] to stay the Ten Claimants' judicial proceedings pending arbitration.  The district court summarily denied this motion, and Coverall appealed.

---

[3] 9 U.S.C. §§ 1-16.

## II. Discussion

The FAA confers jurisdiction on this court to hear Coverall's appeal from the denial of its section 3 motion to stay. See 9 U.S.C. § 16(a)(1)(A).[4] The motion was summarily denied, so we review the determinations on which that denial was based. See, e.g., Commercial Union Ins. Co. v. Gilbane Bldg. Co., 992 F.2d 386, 386-90 (1st Cir. 1993) (analyzing determinations that led district court to summarily deny motion to stay). The denial was based on the district court's determination that Coverall had violated the July Order, for this determination led the court to sanction Coverall by interfering with the Ten Claimants' arbitration proceedings. The determination that Coverall had violated the July Order is reviewed for abuse of discretion. See, e.g., Santiago-Díaz v. Laboratorio Clínico Y De Referencia Del Este And Sara López, M.D., 456 F.3d 272, 275 (1st Cir. 2006). Of course, a material error of law is always an abuse of discretion. See United States v. Snyder, 136 F.3d 65, 67 (1st Cir. 1998).

By its terms, the July Order demanded that any motion to delay or prevent arbitration be approved by the district court. The AAA rules, in all relevant respects, use the term "request"

---

[4] Appellees claim that we lack jurisdiction. They characterize the sanction itself as, in effect, the denial of a motion to stay, and argue that Coverall missed the thirty-day window in which to appeal that denial. But Coverall could not have appealed the sanction itself under the FAA, because it was not, in fact, the denial of a motion to stay.

instead of "motion." See generally Am. Arbitration Ass'n, Commercial Arbitration Rules and Mediation Procedures (2009), available athttp://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004103&revision=latestreleased; Am. Arbitration Ass'n, Employment Arbitration Rules and Mediation Procedures (2009), available at http://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362&revision=latestreleased. Coverall's email to the arbitrator neither moved for nor requested anything. Rather, it responded to Plaintiffs' claim that the July Order required lifting the arbitrator's temporary stay, when, in fact, the July Order did not mention that stay.

If the district court had intended to prohibit Coverall from responding to assertions made by Plaintiffs, that prohibition should have appeared in the July Order in unambiguous terms. Cf. Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991) ("For a party to be held in contempt, it must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected . . . ."); see also Velázquez Linares v. United States, 546 F.3d 710, 711 (1st Cir. 2008) ("'[L]itigants have an unflagging duty to comply with clearly communicated case-management orders' . . . ." (quoting Rosario-Díaz v. González, 140 F.3d 312, 315 (1st Cir. 1998)). Since the July Order did not prohibit Coverall's conduct, the district court's determination that Coverall violated that order was an abuse of discretion. Without this improper determination, there was no

-6-

legitimate basis for the sanction interfering with the Ten Claimants' arbitral proceedings, and thus Coverall's motion to stay the Ten Claimants' judicial proceedings pending arbitration should have been granted.[5]

### III. Conclusion

The denial of Coverall's motion to stay is **reversed** and the case is **remanded** for further proceedings consistent with this opinion.

---

[5] To conclude that the district court abused its discretion in determining that Coverall had violated the July Order, we assume the order's validity, and thus do not address Coverall's assertions that (i) no class member had standing to pursue the order, and (ii) the order violated the FAA. Nor need we reach Coverall's arguments that (i) it received inadequate notice and opportunity to be heard before being sanctioned, and (ii) the district court abused its discretion in the severity of the sanction imposed.