UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
PIUS AWUAH, DENISSE PINEDA, JAI     )
PREM, RICHARD BARRIENTOS, ANTHONY   )
GRAFFEO, and MANUEL DASILVA,        )
individually and on behalf of all  )
others similarly situated,          )
                                    )
            Plaintiffs,             )
                                    )
            v.                      )        CIVIL ACTION
                                    )        NO. 07-10287-WGY
COVERALL NORTH AMERICA, INC.,       )
                                    )
            Defendant.              )
_____)
```

MEMORANDUM

YOUNG, D.J.                                    December 5, 2013

## I.   BACKGROUND

The above captioned plaintiffs (collectively, the

"Plaintiffs") are current and former franchisees of Coverall

North America, Inc. ("Coverall"), a company that provides

janitorial services through franchise agreements with

individuals.  See Third Am. Compl. ¶ 1, ECF No. 79.[1]  The

_____

[1] As there have been numerous court opinions in this case,
see, e.g., Awuah v. Coverall N. Am., Inc., 563 F. Supp. 2d 312
(D. Mass. 2008), aff'd on other grounds, 554 F.3d 7 (1st Cir.
2009); Awuah v. Coverall N. Am., Inc., 554 F.3d 7 (1st Cir.
2009); Awuah v. Coverall N. Am., Inc., 585 F.3d 479 (1st Cir.
2009); Awuah v. Coverall N. Am., Inc., 707 F. Supp. 2d 80 (D.
Mass. 2010); Awuah v. Coverall N. Am., Inc., 740 F. Supp. 2d 240
(D. Mass. 2010); Awuah v. Coverall N. Am., Inc., 791 F. Supp. 2d
284 (D. Mass. 2011); Awuah v. Coverall N. Am., Inc., 460 Mass.
484 (2011); Awuah v. Coverall N. Am., Inc. (Awuah I), 843 F.

Plaintiffs pled six causes of action on their own behalf and on behalf of all "similarly situated individuals," including, inter alia, breach of contract, deceptive trade practices, and violation of state wage and labor laws. See id. at 12-15.

On September 22, 2011, this Court certified a class of all individuals who have owned a Coverall franchise and performed work for Coverall customers in Massachusetts at any time since February 15, 2004, and who have not signed an arbitration agreement or otherwise had their claims adjudicated. Status Conference Tr. 2:22-3:6, Sept. 22, 2011, ECF No. 365. On March 15, 2012, the Court entered final judgment for the vast majority of the certified class, exclusive of attorneys' fees, costs, and interest. Order, Mar. 15, 2012, ECF No. 455.

Shortly before entering final judgment, this Court ruled that some franchisees who bought their franchises through consent-to-transfer agreements were not provided with proper notice of the arbitration clause in the franchise agreements. See Awuah v. Coverall N. Am., Inc. (Awuah I), 843 F. Supp. 2d 172, 180 (D. Mass. 2012), rev'd, 703 F.3d 36 (1st Cir. 2012). Because of that lack of notice, this Court ruled that those

---

Supp. 2d 172 (D. Mass. 2012), rev'd, 703 F.3d 36 (1st Cir. 2012); Awuah v. Coveral N. Am., Inc. (Awuah II), 703 F.3d 36 (1st Cir. 2012); Awuah v. Coverall N. Am., Inc. 729 F.3d 22 (1st Cir. 2013), this Court will not restate the underlying facts here.

franchisees were not bound by the arbitration clause, and were thus part of the certified class. See id. at 180-82.

On December 27, 2012, the First Circuit reversed that decision. Awuah v. Coveral N. Am., Inc. (Awuah II), 703 F.3d 36 (1st Cir. 2012). It held that "Massachusetts law, which governs this dispute, does not impose any such special notice requirement upon these commercial contractual provisions. Such a requirement, in any event, would be preempted by the Federal Arbitration Act ('FAA'), 9 U.S.C. § 1, et seq. . . ." Awuah II, 703 F.3d at 39.

Complicating matters, ten days earlier the Massachusetts Supreme Judicial Court (the "Supreme Judicial Court") had held in Crocker v. Townsend Oil Co., 464 Mass. 1 (2012), that waiver of claims under the Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 150, must be done in "clear and unmistakable terms. . . . [The waiver] must specifically refer to the rights and claims under the Wage Act . . . ." Crocker, 464 Mass. at 14.

As a result of these two decisions, the Plaintiffs filed two motions for reconsideration. Pls.' Mot. Recons. Enforceability Releases Signed Cleaning Workers Ordinary Course Coverall's Business Light Supreme Judicial Ct.'s Decision Crocker v. Townsend Oil Co. ("Mot. Recons. Releases"), ECF No. 542; Pls.' Mot. Recons. Enforceability Coverall's Arbitration Clause Light Supreme Judicial Ct.'s Decision Crocker

3

v. Townsend Oil Co. ("Mot. Recons. Arbitration Clauses"), ECF
No. 543.

This Court concluded that it must grant the first motion
for reconsideration on the enforceability of releases, Mot.
Recons. Releases, because the Supreme Judicial Court's "opinion
makes clear that in order to disclaim Massachusetts Wage Act
Claims, the settlement agreement must expressly reference those
claims." See Order 2, Feb. 13, 2013, ECF No. 565 (citing
Crocker, 464 Mass. at 14).

The second motion for reconsideration of the enforceability
of the arbitration agreements, Mot. Recons. Arbitration Clauses,
was a more difficult question that gave this Court pause. See
Order 2, Mar. 13, 2013 ("March Order"), ECF No. 571 (describing
"the question as a close call requiring further research and a
well-reasoned opinion"). On that question, in light of Crocker,
464 Mass. 1, this Court would have found that Massachusetts law
requires an express statement to subject Wage Act claims to
arbitration just as is required for waiving such claims
outright. The First Circuit, however, stated that "[s]uch a
requirement . . . would be preempted by the [FAA]." See Awuah
II, 703 F.3d at 39. Though that statement was dicta as the
First Circuit had just stated "Massachusetts law, which governs
this dispute, does not impose any such special notice

4

requirement upon these commercial contractual provisions,"[2] id.,
it was made during review of a previous decision in this case.
As such, this Court had to follow the binding precedent of the
First Circuit and deny the motion. See March Order 2.  In
issuing that denial, this Court acknowledged that a longer
memorandum was necessary, see id. at 3. This memorandum now
further elucidates this Court's view and reasoning.

## II.  ANALYSIS

### A.    Under Massachusetts Law, Only Express Statements Can Submit Wage Act Claims to Arbitration

In essence, the Plaintiffs argue for a special notice
requirement before wage claims may be subjected to arbitration
agreements.  See Mot. Recons. Arbitration Clauses 1-2 (arguing
for a rule that "[u]nder the [Supreme Judicial Court]'s decision
in Crocker, under Massachusetts law, an arbitration clause that
does not specifically refer to wage claims may not be enforced
so as to release such claims," id. at 1, and further contending
that since the arbitration clause at issue in this case does not
expressly reference Wage Act claims, "the Court should hold that
it is not enforceable as to the wage claims at issue in this
case and should expand the class to include those workers who

---

[2] Apparently, the First Circuit did not have the benefit of
reviewing Crocker, 464 Mass. 1, which imposes just such a
special notice requirement on commercial contractual provisions
for waiving Wage Act claims, id. at 14-15, as the First Circuit
opinion was released the same month as the Crocker opinion.

have signed the franchise agreement containing the arbitration clause," id. at 1-2).

The Supreme Judicial Court recently held "a settlement or contract termination agreement by an employee that includes a general release, purporting to release all possible existing claims will be enforceable as to the statutorily provided rights and remedies conferred by the Wage Act only if such an agreement is stated in clear and unmistakable terms." Crocker, 464 Mass. at 14. The issue for this Court to resolve is whether, under Massachusetts law, an agreement by an employee that includes a general provision to arbitrate all disputes or claims "will be enforceable as to the statutorily provided rights and remedies conferred by the Wage Act only if such an agreement is stated in clear and unmistakable terms." Id.

In cases where this Court must apply Massachusetts law, it must at times predict what that law is without a case squarely on point. Cf. Oliver Wendell Holmes, The Path of the Law, 10 Harv. L. Rev. 457, 460-61 (1897) ("The prophecies of what the courts will do in fact, and nothing more pretentious, are what I mean by the law."). This Court concludes that, under Massachusetts law, to subject a Wage Act claim to arbitration, an agreement must do so explicitly. This conclusion is based on the Court's reading of Crocker, 464 Mass. 1, and Crocker's reliance on Warfield v. Beth Israel Deaconess Medical Ctr.,

6

Inc., 454 Mass. 390, 398-400 (2009), abrogated by Joulé, Inc. v.
Simmons, 459 Mass. 88, 96 n.9 (2011) (concluding that even where
an employee has agreed to arbitrate employment discrimination
claims, the employee may still file a complaint with the
Massachusetts Commission Against Discrimination). In Warfield,
the Supreme Judicial Court held that an employment contract
purporting to submit all disputes to arbitration did not include
"claims of statutorily based gender discrimination and
retaliation." 454 Mass. at 402. In Crocker, the Supreme
Judicial Court relied on Warfield to "acknowledge[] that
'considerations of public policy play an important role in the
interpretation and enforcement of contracts' . . . [and the
Supreme Judicial Court was] required to balance the strong
Federal and State policies favoring arbitration with the equally
strong policy against various forms of workplace
discrimination." Crocker, 464 Mass. at 14 (quoting Warfield,
454 Mass. at 397). The Crocker court, having begun its analysis
by recognizing that "the legislative purpose behind the Wage Act
. . . is to provide strong statutory protection for employees
and their right to wages," id. at 13, then concluded that for
release of claims purposes, Wage Act claims must be treated the
same way as employment discrimination claims for submission to
arbitration purposes, id. at 14-15. Given the similar treatment
of Wage Act claims and statutory employment discrimination

claims and releases of claims and submissions of claims to arbitration by the Supreme Judicial Court, this Court must conclude that under Massachusetts law, only express statements can submit Wage Act claims to arbitration. See id. at 14-15.

**B.   This Court Would Hold That the FAA Does Not Preempt Massachusetts Law Requiring Express Notice to Submit Wage Act Claims to Arbitration**

The FAA states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  If given a fresh slate free from binding precedent, this Court would conclude that this section of the FAA does not preempt Massachusetts law requiring express notice to submit Wage Act claims to arbitration.

This Court, however, does not have such a blank slate on which to write.  Instead, it must recognize binding precedent by the Supreme Court and, relevant to this case, the First Circuit. In Awuah II, 703 F.3d 36, the First Circuit concluded that not only is there no heightened notice requirement for submitting Wage Act claims to arbitration, but also that any such heightened notice requirement would be preempted by the FAA. See id. at 44-45.  This Court, respectfully, disagrees.

The FAA section at issue is intended to prevent discriminatory treatment of arbitration agreements as compared to other contracts by states.  See Doctor's Assocs., Inc. v.

8

Casarotto, 517 U.S. 681, 687 (1996) ("Courts may not, however, invalidate arbitration agreements under state laws applicable only to arbitration provisions."); see also AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1746 (2011) (holding that "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue" are preempted). Thus, if Massachusetts law requires express notice to submit Wage Act claims to arbitration, but not to enter contracts that otherwise affect Wage Act rights, then the FAA preempts Massachusetts law.

Massachusetts law, however, requires express notice not only to submit Wage Act claims to arbitration, but also to release them entirely. See Crocker, 464 Mass. at 14-15. Based on the interaction of Crocker and Warfield, this Court would conclude that because "the legislative purpose behind the Wage Act . . . is to provide strong statutory protection for employees and their right to wages," Crocker, 464 Mass. at 13, any contract that significantly affects these rights must do so expressly to be enforceable. This rule follows from the Supreme Judicial Court's justification for the "express language" requirement which is intended to "ensure that employees do not unwittingly waive their rights under the Wage Act." Id. at 14-15. Because this express notice requirement thus applies across the board to any contact and is not "applicable only to

arbitration provisions," Doctor's Assocs., 517 U.S. at 687
(emphasis omitted), this Court would find it is not preempted by
the FAA. The notice requirement is not about arbitration alone,
but is rather about the Wage Act and "ensur[ing] that employees
do not unwittingly waive their rights under [it]," Crocker, 464
Mass. at 14-15.

**C.    This Court Must Hold That the FAA Does Preempt
       Massachusetts Law**

A district court must follow binding precedent. See Eulitt
v. Me. Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004) ("Until
a court of appeals revokes a binding precedent, a district court
within the circuit is hard put to ignore that precedent unless
it has unmistakably been cast into disrepute by supervening
authority."); Millay ex rel. YRM v. Surry School Dep't, 707 F.
Supp. 2d 56, 59 (D. Me. 2010) (noting that "as an inferior
court, a district court [in the First Circuit] is required to
follow the decisions of the First Circuit"). In this case, the
First Circuit has spoken on this very issue. It has stated that
a special notice requirement "would be preempted by the [FAA],
which requires courts to place such arbitral agreements upon the
same footing as other contracts." Awuah II, 703 F.3d at 39.
This Court disagrees with that conclusion because a special
notice requirement to arbitrate Wage Act claims would not be
placing arbitral agreements on a different footing from other

contracts; after all, waiving Wage Act claims also requires

express notice.  See supra section II.B.  This Court, however,

had to reject this motion for reconsideration because the First

Circuit[3] clearly stated that such a special notice requirement

for arbitration would be preempted by the FAA.  The plaintiffs

must convince the First Circuit that the FAA does not preempt

such a rule under Massachusetts law to prevail on their motion.

## III. CONCLUSION

For the foregoing reasons, this Court denied the motion for

reconsideration, ECF No. 543.

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[3] This Court recognizes that this statement by the First
Circuit is actually dicta.  The statement is not necessary to
the First Circuit's decision in the case reversing this Court's
decision.  The dicta, however, is so direct and on point that a
proper respect for the opinions of the First Circuit requires
this Court to follow it, whatever its misgivings.

11